TIMOTHY MOSHIER

*v.*

JOHN E. FROST *et al.*

*Filed at Ottawa May 19, 1884.*

1. PARTIES—*recovery by one member of a law firm—for services not embraced in the business of the partnership.* Where the firm business of attorneys at law only extends to their county, and one of such firm is individually retained in cases out of such county, and not the firm, then, on the death of the attorney so employed, an action to recover for his services will be properly brought in the name of his administrator; and when an attorney is retained before forming a partnership, and his partner has no connection with or interest in the management of the litigation, there will be no right of action on such retainer to the firm.

2. ESTOPPEL—*by party's own admissions or statements, when acted upon.* After the death of an attorney who had been attending to legal business for a party, the latter refused to recognize the attorney's partner as having any interest in the claim for services, insisting that he employed the partner who had died, alone, and thereby induced the administrators of the deceased attorney to sue in their names for the fees due for such services: *Held,* that in such suit the defendant was precluded from insisting that he retained the firm. Parties are precluded from contradicting their solemn admissions or statements, deliberately made, when acted on by others.

3. EVIDENCE—*entry in party's own books.* On the trial of a suit to recover for the services of an attorney at law, brought by his personal repre-

sentatives, the defendant proved by a witness that he, the witness, paid the attorney his fee in a certain suit, brought in the name of the defendant. The plaintiffs then introduced in evidence an entry in the deceased attorney's books, in his handwriting, showing that such fee was paid by the defendant: *Held,* that there was no error in the admission of such entry, as it tended to contradict the witness' statement that he paid the fee.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Knox county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Messrs. SANFORD & CARNEY, for the appellant:

A party is presumed to have contracted with those who, at the time of the contracting, were openly and publicly members of the firm. *Page* v. *Brant,* 18 Ill. 37; Story on Partnership, sec. 241; 1 Chitty's Pleading, 9, 11, 12.

A person suffering his name to be used in business is to be treated as a partner, whatever may be the agreement between himself and the other co-partners. *Fisher* v. *Bowles,* 20 Ill. 396; 3 Kent's Com. 52; Collyer on Partnership, 75; *Stearns* v. *Haven,* 14 Vt. 540; *Guidon* v. *Robson,* 2 Camp. 802.

If attorneys who are co-partners accept a retainer, the contract is joint, and continues to the end of the suit. *Walker* v. *Goodrich,* 16 Ill. 341.

For a demand due a firm, upon the death of one, the suit must be brought in the name of the survivor or survivors. 1 Chitty's Pleading, 19; *Peters* v. *Davis,* 7 Mass. 257.

There is no estoppel, because there is no element of fraud, and there was no misrepresentation of the facts. *Davidson* v. *Young et al.* 38 Ill. 152; *The People* v. *Brown,* 67 id. 435; *Powell et al.* v. *Rogers,* 105 id. 318; Bigelow on Estoppel, 480, p. 60; *Mills* v. *Graves,* 38 Ill. 455.

Messrs. WILLIAMS & LAWRENCE, for the appellees:

Tunnicliffe, as to all matters outside of Knox county, was not an actual but only a nominal partner. Moshier was so notified while the services were being performed. This being

so, Frost might have sued for his services in his name, alone. 1 Saunders' Pleading, p. 18, sec. 16.

A mere nominal partner, having no interest in the firm, need not be joined. 2 Saunders' Pleading, (2d Am. ed.) sec. 701; 1 Chitty's Pleading, 12; Gow on Partnership, (3d Am. ed.) 128, sec. 129; 2 Greenleaf on Evidence, sec. 478; Story on Partnership, (5th ed.) sec. 241; Collyer on Partnership, (2d Am. ed.) sec. 394, or sec. 662 of Perkins' ed.

The entries in Frost's book, being in his handwriting, were most clearly admissible. 1 Greenleaf on Evidence, sec. 147.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Knox circuit court, by the representatives of T. G. Frost, deceased, against Timothy Moshier. The declaration contained but one count, being a common count for work and labor, and for services rendered. To it was filed the plea of the general issue. A trial was had by the court and a jury, resulting in a verdict in favor of plaintiff, for $1100. A motion for a new trial was overruled, and judgment was rendered for that amount. Defendant appealed to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, and he appeals to this court and asks a reversal.

The facts have been conclusively found by the lower courts. It was insisted that the retainer for a part of the services was with the firm of Frost & Tunnicliffe, and the survivor should sue in his own name. To this claim it is answered that the firm only extended to Knox county, whilst the services were rendered in the courts of other counties. This is a question of fact, and the jury found for appellees, and the Appellate Court, by affirming the judgment, found the facts the same way.

Appellant claimed that the services rendered by Frost, after he moved to Chicago and formed a partnership with Miller,

were by that firm, and the latter could alone sue as surviving partner. On the other side, it was contended that Frost was retained before he went to Chicago, and that Miller had no connection with or interest in the management of the litigation,—that appellant only retained Frost, and did not know Miller in the transaction. On this issue the jury heard the evidence, and found for appellees, and the Appellate Court found the same way by affirming the judgment. That court, in fact, has found all the controverted facts for appellees.

There is some complaint made of the instructions given for appellees, on the trial in the circuit court. The fifth and sixth of appellees' instructions are criticised. They inform the jury that if they believe, from the evidence, that after Frost's death appellant refused to recognize Miller as having any interest in the claim, and insisted that he employed Frost alone, he was thereby precluded from insisting that he retained the firm. In this we perceive no error. Parties are precluded from contradicting their solemn admissions or statements, deliberately made. The law will not permit a party to make statements that induce the other party to act upon them as true, and then prove his statements were untrue. Here, by his statements, he induced Frost's representatives to sue in their names, and now he insists that he may contradict his statements, and defeat a recovery.

It is urged that the court erred in permitting appellees to read in evidence entries in Frost's books. We are unable to perceive that there was any error in this. Claycomb had testified he paid Frost his fee in the case of *Moshier* v. *Claycomb et al.*, and the entry in Frost's books, read in evidence, showed that it was paid by Moshier. The entry was proper evidence, as tending to contradict Claycomb's statement that he had paid the fee to Frost.

Perceiving no error in this record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*