| 99 | 307 |
| s109 | 180 |

## Perry State Bank v. James Elledge et al.

1. BOOKS OF ACCOUNT—*Admissibility as Evidence.*—An account
book of original entries, truly and justly made by the person testifying,
or made by a deceased person, by a disinterested or a non-resident per-
son, and entered in the usual course of trade, where it tends to contra-
dict or corroborate a witness on material points of his testimony is
admissible and should go to the jury subject to contradiction and expla-
nation.

2. SAME—*Admissibility Under the Common Law Rule Enlarged by
the Statute.*—The common law rule relating to the admissibility of books
of account in evidence is not abrogated but simply enlarged by the
statute.

Assumpsit, on a promissory note. Appeal from the Circuit Court of
Pike County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in
this court at the May term, 1901. Reversed and remanded. Opinion
filed December 10, 1901.

MATTHEWS & GRIGSBY and A. G. CRAWFORD, attorneys
for appellant.

JEFFERSON ORR and L. T. GRAHAM, attorneys for appellees.

OPINION PER CURIAM.

This suit was brought upon a promissory note for
$113.74, executed by James Elledge and T. P. Elledge on
September 1, 1897, payable in ninety days to the Perry
State Bank. The defense of payment was interposed, and
to support it testimony was introduced to show that it had
been paid out of money paid to the bank cashier by T. P.
Elledge. Some confusion as to the facts arose by reason of

the cashier contradicting T. P. Elledge, and claiming that the money which had been paid into the bank, instead of being $115, was $90, and that it was placed to the credit of James Elledge and checked out by him. To corroborate the testimony of the cashier one of the bank's books was offered in evidence and admitted. It was afterward excluded, however, and the jury were instructed to disregard it. It is contended the court erred in excluding it.

It is urged here by appellees that inasmuch as the suit was upon the note and the sole defense was payment, that the court properly excluded the book. The contention is that unless the claim sued on or the defense interposed is founded on a book account, the account book and the entries therein contained are not admissible in evidence. The contention is based upon the phraseology of Sec. 3, Chap. 51 of the Revised Statutes, entitled Evidence and Depositions. We are unable to take so narrow a view of that statute. We think that an account book of original entries truly and justly made by the person testifying or made by a deceased person, by a disinterested or non-resident person, and entered in the usual course of the trade, if it tends to contradict or corroborate a witness on material points of his testimony, is admissible. It should go to the jury subject to contradiction and explanation, of course.

The book was admissible under the common law rule, which was not abrogated but simply enlarged by the statute.

For the error of that court in excluding the bank book, we reverse the judgment and remand the cause for another trial.

For the reason that the case should be submitted to another jury we refrain from expressing any views as to the merits. Reversed and remanded.