## R. P. Wait, Appellant, v. W. H. Wenks, Appellee.
## Gen. No. 5,894.

1. EVIDENCE, § 261*—*when bank books admissible.* In an action by a banker on a promissory note where defendant claimed that he handed the plaintiff a check of a third person drawn on plaintiff's bank in his favor and indorsed by him in blank with directions to apply said check on the payment of the note, refusal of court to permit plaintiff to offer in evidence his bank books and to show by entries therein that the check had been charged to the account of the drawer of the check and credited to no account on the day the check was presented and that the bank books balanced at the close of the business on that day, *held* error.

2. WITNESSES, § 196*—*when books may be used to refresh recollection.* Facts may be proved by producing witness who made entries in books, under certain conditions, using the entries so made to refresh their recollections, even though the witness has no independent recollection of the facts after seeing the entry.

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

SEARLE & MARSHALL, for appellant.

J. T. & S. R. KENWORTHY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellant, R. P. Wait, a banker, September 10, 1910, sued appellee, W. H. Wenks, on a promissory note of $1,000 dated February 19, 1907, due one day after date. Two payments had been made and indorsed on the note, and appellee claimed that on the morning of January 23, 1909, he handed appellant, at the door of the bank, the check of one John Eckhardt for $390.23, drawn on appellant's bank in favor of appellee and by him indorsed in blank, with directions to apply said check on the payment of the note sued on. This appellant denied,

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

and whether said check was turned in to the bank as part payment of the note and should have been applied and indorsed thereon January 23, 1909, is the only controverted fact in the case. Appellant had verdict and judgment for the amount of the note after allowing the payments indorsed and this check, and prosecutes this appeal.

Appellant resided at Reynolds, where he was engaged in the banking business, and also had this bank at Taylor Ridge. He came to Taylor Ridge two or three times a week and in his absence one of two clerks were in charge of this bank. He did not, in testifying, profess to have any distinct recollection of what occurred at his bank at Taylor Ridge on January 23, 1909, and was not able to state from his independent recollection whether or not he was at this place on the morning of that day. It seems he was in the habit of making certain entries on his bank books when he was present and when he was absent they were made by one of his clerks. He offered to prove in whose handwriting entries were made in his books at the Taylor Ridge bank on that day, and to draw some inference from that as to what part of the day he was at Taylor Ridge. He offered to prove by certain entries in his bank book that said check had been presented at his bank on that day and had been charged to the account of John Eckhardt, the drawer. He offered in evidence entries in his bank books in relation to the note sued on, showing simply the payments that were indorsed on the note; and offered entries showing appellee's account with the bank, and Eckhardt's account with the bank, and entries showing all the transactions of the bank on that day, showing this check charged to Eckhardt's account, and as we understand it credited to no account, and that the bank books balanced at the close of business on that day; and offered various explanations as to signs and figures shown on the books. The court sustained objections to each of these items of evidence, not on the ground of the want of technical proof of the

manner of keeping the books but on the ground that the entries offered were not competent evidence of any fact at issue.

We are of the opinion that the court erred in excluding this line of evidence. To hold otherwise would be to put bankers at the mercy of customers that present checks or drafts at the bank window and receive the cash thereon. It is not to be presumed that bankers and their clerks, months or years afterwards, will have any independent recollection of such transactions. We assume in the case of checks presented by the payee, the bank books ordinarily show, as in this case, the amount of the check charged to the account of the drawer and the check is marked paid, as was this one, and returned to the maker, and there is nothing further to show the fact, if it is a fact, that the cash is paid to the party presenting the check. If the payee of a check can present it to the bank on which it is drawn and maintain a claim that he is entitled to credit by merely showing that he did present the check and that it is marked paid and in the hands of the drawer, and the bank is unable to get in evidence its books, it would ordinarily be powerless to resist such a demand. It is within the knowledge of most people at all familiar with business transactions that books of a bank are usually kept in such a way that they must balance at the end of a day's business, and if a check is taken in by a bank and charged to the account of the drawer, and treated by the bookkeeper as paid in cash, when in fact it was not, and should have been credited to the account of the payee or indorsed on his note, that the bank books would not balance that night and attention would be at once directed to the error. If appellant's bank books did balance upon the night of January 23, 1909, there are only two possible conclusions, either the check was paid in cash to the party presenting it or somebody abstracted from the bank's cash that day the precise sum of money represented by the check.

We are of the opinion that the necessities of the situation require the admission of this class to testimony that the jury may determine whether the drawee is mistaken in his recollection that he was not paid the cash, or some employe of the bank did criminally appropriate that exact amount to his own use on that day.

There is some question made, and authorities cited to the effect, that account books are not evidence of money loaned and other money transactions. But we assume there is no ground for question and no need to cite authorities that in a suit between a banker and its depositor the books of the bank are competent evidence of the transactions they ordinarily in the regular course of bookkeeping and business show. If a customer deposits money and checks it out and has his checks marked paid and returned to him in the ordinary course of banking business, it surely would not occur to any lawyer that in a suit against the bank for the amount of the deposit, the books of the bank would not be competent evidence of the transaction, or that the bank's defense must rest on the independent recollection of its employes.

Facts may be proved by producing witnesses who made entries in books, under certain conditions, using the entries so made to refresh their recollections, even though the witness has no independent recollection of the facts after seeing the entry. *Diamond Glue Co. v. Wietzychowski*, 227 Ill. 338; *Richardson Fueling Co. v. Seymour*, 235 Ill. 319. But we are of the opinion that on principle and under the authority of *Cooke v. People*, 231 Ill. 9; *Moshier v. Frost*, 110 Ill. 206; *Laughlin v. Brauer*, 138 Ill. App. 524; *Perry State Bank v. Elledge*, 99 Ill. App. 307, the book accounts should have been received in evidence as such. The entries on the note register do not seem important, as they show precisely what the note with its indorsements shows, and there may be entries in some of the other accounts offered that are of no significance; but any entry in the accounts offered that throws any light on the fact

in dispute should be received in evidence. There was an issue of tender in the case and some confusion as to the verdict and judgment because of that issue. We assume the question will not arise on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*