Leo P. Knoerzer, Appellee, v. Eddie Meyer, Appellant.

Gen. No. 32,849.

140

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929. Rehearing denied February 4, 1929.

E. R. HARTIGAN, for appellant.

OSCAR A. KNITTEL, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

On November 10, 1926, plaintiff brought an action against the defendant to recover $2,400 claimed to be due him for the reason that the defendant did not have title to an automobile which he sold plaintiff. The defendant was served with a summons on November 13, 1926. He afterwards entered his appearance and filed an affidavit of merits denying liability. On April 3, 1928, plaintiff filed an amended statement of claim in which he sought to recover the $2,400 mentioned in his statement of claim and in addition to that sum $250 which plaintiff claimed to have paid as attorney's fees. Afterwards the case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor for $2,659.89, and the defendant appeals.

Plaintiff alleged in his amended statement of claim that about May, 1925, he was the owner of a certain Lincoln automobile which he traded to the defendant, who was engaged in dealing in automobiles; that the price of the Lincoln automobile, as agreed upon by the

parties, was $2,700; that for the automobile plaintiff received from the defendant a Cadillac automobile and $500 in cash; that after the exchange had been made plaintiff made certain repairs on the Cadillac for which he expended $200; that shortly thereafter plaintiff sold the Cadillac automobile to one Maloney, and while it was in Maloney's possession the United States government took it from him on the ground that it had been stolen from the true owner who resided in Battle Creek, Michigan. It was further alleged that the defendant at the time of the exchange of the automobile did not have title to the Cadillac car and that by reason thereof plaintiff was damaged in the sum of $2,400; that he also suffered damages amounting to $250 on account of attorney's fees he had been required to pay in a suit brought against him by Maloney in the circuit court of Porter county, Indiana. The affidavit to the amended statement of claim was made by plaintiff's counsel, in which it was stated that there was a balance of $2,950 due plaintiff from defendant.

Defendant in his affidavit of merits admitted that he had traded a Cadillac machine for the Lincoln, but denied that the parties had agreed upon a value of $2,700 for the Lincoln car. It was averred that the defendant paid plaintiff $500 as part of the transaction, and that it was agreed between the parties that the exchange should be made upon the basis that the Cadillac was of the value of $1,350 and the Lincoln $1,850. Defendant admitted that plaintiff had sold the Cadillac car to one Maloney, but denied any knowledge of the fact that the machine had been taken away from Maloney and returned to its true owner; and it was further averred that defendant purchased the Cadillac car from W. D. Mathis for $1,225, and that defendant was the owner of the car. Liability for $250 attorney's fees was denied because plaintiff, in the instant case, had taken the position while the case in Indiana was pending that defendant did not own the Cadillac car

when the exchange was made, and therefore there was no reason for defending the case in Indiana.

Plaintiff offered evidence tending to support the averments of his amended statement of claim. Evidence was offered to the effect that at the time of the exchange of the two automobiles the parties agreed that the value of the Lincoln automobile was $2,700 and of the Cadillac $2,200. Plaintiff also offered opinion evidence as to the value of the two cars at the time of the exchange and the testimony of these witnesses placed the value at about the same amounts as those above mentioned.

The defendant offered evidence to the effect that at and prior to the time of the exchange of the two cars, it was agreed between plaintiff and defendant that $1,850 was the value of the Lincoln car and $1,350 that of the Cadillac car. Defendant also called witnesses who gave testimony to the effect that at the time of the exchange of the automobiles the Lincoln was of the value of $1,850 and the Cadillac $1,350. The defendant also offered to prove by his books of account, kept in the ordinary course of business, that the value of the two cars as agreed upon between him and the plaintiff was as contended for by the defendant, but upon objection these books were excluded. In this we think there was error. *Perry State Bank v. Elledge,* 99 Ill. App. 307; *Wait v. Wenks,* 186 Ill. App. 296.

In addition to the evidence above mentioned plaintiff introduced a copy of the judgment rendered against him by the Indiana court, also a receipt showing that he had paid that judgment.

At the close of the evidence the defendant submitted certain propositions of law and findings of fact which he requested the court to hold as the law and to find as the facts in the case. The court marked each of these refused and counsel for the defendant contends that

the court should have passed upon the propositions of law and findings of fact. We are unable to understand this contention, because the record shows that the court did pass upon them by refusing all of them. Three of the propositions of law lay down three different measures of damages. Obviously the three of them could not apply. Only one measure of damages was applicable to the case.

In the trial court plaintiff in his amended statement of claim on which the case went to trial, and from the evidence which he produced, apparently took the position that he was entitled to recover his damages based upon the value of the cars as placed upon them by the parties at the time of the exchange. But in this court he abandons this position entirely and takes the position that the judgment rendered by the Indiana court is conclusive of the amount he was entitled to recover, so far as the value of the Cadillac car was concerned; and that in addition to this amount he was entitled to recover the $200 he spent in repairing the Cadillac car before he sold it to Maloney, and the $250 he claims to have expended for attorney's fees in the defense of that case. In support of his contention the case of *Pinney v. Geraghty,* 209 App. Div. 630, 205 N. Y. Supp. 645, is cited.

We think the proper measure of damages plaintiff is entitled to recover in this case is the price he paid for the Cadillac car with interest on such amount, together with necessary expenses in defending the Indiana lawsuit, including attorney's fees, if the evidence discloses that such fees were properly incurred. We think that this rule of law is supported by 35 Cyc. pp. 479, 480; *Globe Refining Co. v. Landa Cotton Oil Co.,* 190 U. S. 540.

Defendant contends that the court erred in refusing to receive in evidence certain exhibits offered by him, that error was also committed in admitting over de-

fendant's objection evidence offered by plaintiff, and that the evidence was insufficient to show that the Cadillac automobile was stolen from its true owner in Battle Creek, Michigan.

In the view we take of the case these contentions are not controlling. That the Cadillac car was stolen and that therefore defendant had no title, is established beyond question. The liability of the defendant is certain and the only question is the extent of the liability. At the close of all the evidence the defendant submitted a proposition of law to the court and requested that it be held as the law in the case. It is: "The court holds as a matter of law that the measure of damages in this case is the amount paid by the plaintiff herein to satisfy the judgment in the case of Maloney v. Knoerzer against said plaintiff in Porter County, Indiana, together with his attorney's fees expended by him in the defense of that case." The court denied this request and marked the proposition "Refused." From this it appears that the defendant admitted liability in the trial court to the extent of the amount that plaintiff had paid to satisfy the Indiana judgment, together with the attorney's fees expended by plaintiff in that case. Under the authorities above cited we think this was the true measure of damages. In this court the defendant still contends that this measure of damages is the correct one to be applied, and since we agree with him it will be unnecessary to pass upon his other contentions.

Under the authorities above cited we hold that plaintiff was not entitled to recover the $200 which he expended in the repair of the Cadillac, because at the time of the transaction between the parties the defendant had no knowledge that plaintiff intended to expend $200 in the repair of the car, and he therefore would not be liable for this item. The record discloses that plaintiff paid in satisfaction of the In-

diana judgment $2,232.84, and to this must be added the $250 attorney's fees, making a total of $2,482.84.

The judgment of the municipal court is reversed and judgment will be entered in this court in favor of plaintiff and against defendant for $2,482.84. Each party will be required to pay his own costs in this court.

*Judgment reversed and judgment entered in this court.*

McSURELY and MATCHETT, JJ., concur.