ELLE E. PINNEY, Respondent, *v.* ELWOOD GERAGHTY, Appellant.

Third Department, June 27, 1924.

Sales — action to recover on warranty of title under ꞏPersonal Property Law, § 94 — plaintiff bought automobile from defendant and sold it to third person — automobile was taken from third person as stolen property and he recovered judgment against plaintiff — plaintiff notified defendant of action, sent him copy of complaint, and asked him to defend — judgments — action is one in which summary judgment may be granted under Rules of Civil Practice, rule 113 — liability of defendant could be fixed in action by third person — notice to defendant was sufficient — judgment in prior action is conclusive on defendant as to all facts litigated — attorney's fees included in summary judgment not questioned — defendant not entitled to defend in order to hold person from whom he bought automobile.

Summary judgment may be rendered under rule 113 of the Rules of Civil Practice in an action to recover on a warranty of title under section 94 of the Personal Property Law the amount of a judgment which was recovered against the plaintiff in an action brought by a third person who had purchased an automobile from the plaintiff which had been sold to him by the defendant and which was stolen property when it was sold by the defendant to the plaintiff.

The judgment recovered against the plaintiff by the third person after the automobile had ꞏbeen taken from him as stolen property was conclusive against the defendant herein as to all facts litigated and fixed defendant's liability, since it appears that the plaintiff herein notified the defendant of the action against him by the·third person, sent him a copy of the complaint and asked him to defend that action, and that the defendant failed so to do.

The plaintiff was not entitled to recover in this action in a summary judgment the amount paid by him as counsel fee in defending the prior action, but since

the defendant has not raised that question on appeal, the summary judgment will not be reversed on that ground.

The defendant is not entitled to try the question of title to the automobile in order that if he is held liable in this action he may in turn hold his vendor liable, since he should have given his vendor notice to come in and defend the present action.

APPEAL by the defendant, Elwood Geraghty, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Sullivan on the 3d day of November, 1923, granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, and also from a judgment entered in said clerk's office on the same day pursuant to said order.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the appellant.

*Williams & Foster* [*S. F. Foster*, of counsel], for the respondent.

VAN KIRK, J.:

The complaint alleges that the defendant offered to sell to plaintiff for $1,100 an automobile and warranted the automobile to be defendant's property and that he had a right to sell it; plaintiff, relying on the warranty, purchased the automobile from defendant and paid him therefor $1,100; the automobile was at the time the property of one Natelson; plaintiff sold the car to one Smith, and thereafter the car was taken from Smith by the sheriff on the ground that it was a stolen car; Smith sued this plaintiff to recover the purchase price with interest; plaintiff gave defendant due and timely notice of the commencement of the action and required him to defend it; Smith recovered in that action a judgment against the plaintiff for $1,274.62, and costs; plaintiff necessarily expended $100 for counsel in defending that action, and was thereby damaged in the sum of $1,658.64, with interest; he demands judgment for that sum. The defendant admits that he sold to plaintiff the automobile for $1,100, which plaintiff paid to him; alleges that he, in good faith, had purchased the automobile from another; he denies knowledge or information sufficient to form a belief as to the other allegations of the complaint. Plaintiff then moved for summary judgment. In the moving affidavits, after setting forth the substance of the complaint, it is stated that, before answer was served in *Smith* v. *Pinney*, he sent a copy of the complaint therein to this defendant with an explanatory letter asking for an immediate reply; and later, by letter, he further notified this defendant that this action was brought to recover for sale by Pinney to Smith of an automobile of which Pinney was not the owner, and which Pinney had purchased from this defendant; and that Pinney would hold defendant responsible for all damages

which he may sustain by the action and in the defense of the action; also he gave timely notice to this defendant of the time and place of the trial, and demanded that this defendant come and defend the same; also subpœnaed him as a witness; this defendant appeared at the trial, heard all the evidence and was consulted during the trial by Pinney's attorneys; judgment after trial was entered against Pinney; Pinney notified this defendant that said judgment had been entered and demanded that he pay the same; Pinney paid this judgment and began this action to recover the amount of the judgment with interest, together with $100, the cost of defending the former action. This defendant filed his affidavit upon this motion, stating that he sold the automobile to plaintiff; he received the letters set forth in the moving affidavits; he had a conversation with Pinney's attorney, in which he told said attorney that he would see the person from whom he had purchased the car, tell him the facts and see if that person would return to defendant the $1,100 paid to him for the automobile; defendant had no notice that he was required to defend the action; had no knowledge that the action had been referred until served with a subpœna to appear; he appeared at the trial without counsel.

This action, in so far as it is an action to recover on the judgment in *Smith* v. *Pinney,* is one in which summary judgment under rule 113 of the Rules of Civil Practice could be taken. The question is presented whether this defendant is bound by the judgment recovered by Smith against Pinney. At the time of the sale of the car by this defendant to this plaintiff the defendant warranted that he had title thereto and could convey a good title to this plaintiff. (Pers. Prop. Law, § 94, as added by Laws of 1911, chap. 571.) The defendant, therefore, stood as indemnitor to this plaintiff and his liability could be fixed in the action of *Smith* v. *Pinney* if he had notice of the pendency of the action and an opportunity afforded him to defend. We think he did have sufficient notice; he had a copy of the summons and complaint, knew the nature of the action and that Pinney intended to look to him for indemnity in case of recovery against Pinney. He was certainly not denied an opportunity to come in and defend, and the judgment recovered by Smith against Pinney is conclusive evidence in this case against him of all facts litigated therein. (*Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *Carleton* v. *Lombard, Ayres & Co.,* 149 id. 137, 151.) Upon the admitted facts, plaintiff was entitled to recover the amount of judgment recovered by Smith against him.

The plaintiff, however, has recovered not only the amount of this judgment, but also $100 counsel fee. The defendant had denied knowledge or information sufficient to form a belief as

to this item.   The amount paid by Pinney to his attorney was not litigated in the *Smith* action.   As to this item the defendant had a right to defend and his denial was sufficient.   But he does not raise this question; the fee is so reasonable that one can hardly question the amount and he presumably omitted it intentionally.

The appellant does urge that he desires to try the question of title to the automobile, in order that, if he is liable herein, he may in turn hold his vendor.   He should have given his vendor notice to come in and defend.

The judgment should be affirmed, with costs.

Order and judgment unanimously affirmed, with costs.