Benjamin Gassman, P. J.,
The defendant appeals from a judgment convicting it of a violation of section B32-127.0 of the New York City Administrative Code (dealing in second-hand articles without a license).
The defendant is a corporation organized under the Banking Law of the State of New York and was engaged in the finance business. It was stipulated on the trial that the defendant’s principal business was to buy installment contracts from automobile dealers, in connection with which, it received from dealers assignments of chattel mortgages, which the latter received from persons buying automobiles from them. In connection with the purchase of such installment contracts, the defendant, on many occasions, repossessed the automobiles on which the purchasers defaulted and sold those automobiles at public auction. Invariably, the defendant purchased such automobiles at such auctions and thereafter resold them to the dealers. On most of the occasions, such resales were made by the defendant to the very dealers from whom it purchased such installment contracts, although in a number of instances, the cars were sold by defendant to dealers other than those who originally sold such installment contracts to it.
It is the defendant’s contention that in view of the fact that it made no profit - on such resales (defendant contended that it sold those cars to the dealers for the same amount as it paid for the cars at auction), the defendant was not a 11 dealer of second hand cars ” and was not subject to the requirement of obtaining a second-hand dealer’s license.
Section B32-127.0 of the Administrative Code provides that “ It shall be unlawful for any person to act as dealer in secondhand articles without a license therefor.” The definition of “ dealer ” as set forth in section B32-126.0 of the Administrative Code is ‘1 any person who, in any way or as principal broker *302 or agent: 1. Deals in the purchase or sale of second-hand articles of whatever nature ’ ’. Excluded from such articles are “ Pianos, books, magazines, rugs, tapestries, artists burlaps, paintings, drawings, etchings and engravings ’ \
The definition of “ dealer ” in section 62 of the Vehicle and Traffic Law is “ a person engaged in the business of buying, selling or dealing in motor vehicles, motor cycles or trailers at retail.” And in section 64 of the Vehicle and Traffic Law it is nrovided that ‘ ‘ A person, firm, association or corporation engaged in the business of selling, trading in or otherwise dealing ’u second hand motor vehicles for use upon the public highways is defined to be, within the meaning of this section, a dealer in second hand motor vehicles.”
The practice of the defendant was to sell at public auction cars previously repossessed by it, bidding the highest amount at such auctions, buying the cars at such auction and later reselling those cars, in most cases, to the dealers who originally held the installment contracts sold to the defendant. In a number of cases, such sales were made to other dealers. It is the defendant’s contention that in view of the fact that it did not sell such repossessed cars to the public but only to duly licensed dealers, that it was not engaged in the business of dealing in second-hand cars.
The record discloses that when the defendant purchased such installment contracts from a dealer, it entered into — what is called — a repurchase agreement, under which the dealer agreed: ‘ ‘ that in case of default in the payment of any installment due pursuant to the said note and mortgage or conditional sales contract and the repossession of the said automobile, the undersigned will pay you the entire balance still unpaid on the said note and mortgage or conditional sales contract, less.finance charges, together with the cost of repossession of the said automobile and the sale thereof, upon the offer or delivery of the said automobile to the undersigned regardless of the condition thereof and you will not be held responsible for either missing or damaged parts * * * upon' the failure of the undersigned to pay for the said repossessed automobile in accordance herewith upon demand, you are hereby authorized to sell and dispose of same at either public or private sale and with or without notice to the undersigned and apply the proceeds of such sale towards the payment of the amount due you and the undersigned agrees to pay you upon demand the balance or deficiency if any.”
Under this repurchase agreement, the defendant was not obliged to sell any repossessed automobile at auction. All it *303 liad to do was to call upon the dealer to take back the said automobile and to pay to it the unpaid balance on such installment contract. Only upon the failure of such dealer to do so, was the defendant obliged to sell the automobile at auction and to hold the dealer liable for any deficiency. There certainly was no obligation on the defendant’s part to sell all such automobiles at auction, to buy them in at such auction and then to resell them to the dealer. Such acts on the part of the defendant were purely voluntary, and were not necessarily incidental to the finance or banking business in which the defendant was engaged.
The situation would have been different had the defendant repossessed those automobiles and sold them at public auction to the highest bidder. Such a sale would be incidental to the defendant’s business, for it could not retain such repossessed car as its own. Even if defendant were the highest bidder at such auction and did nothing further with the automobiles after buying them at such auction, it would not be held to be a “ dealer,” for the word “ dealer ” refers to a person who not merely buys but one who also sells an article. There must be both — buying and selling. (People v. Wurlitzer Co., 282 N. Y. 457.) However, the moment the defendant resold the cars that it purchased at auction, whether to the original dealers or to other dealers (as the defendant did in many instances) it departed from its role as a finance company and became a dealer in second-hand cars, requiring a second-hand dealer’s license.
The judgment should be affirmed.
Concur — Loscalzo and Flood, JJ.
Judgment affirmed.