Oscar Murov, J.
Plaintiff, a dealer in used auto parts, makes a claim for damages for breach of contract against the defendant, an insurance company, writing collision and comprehensive insurance on automobiles. Defendant under its policy with one of its assureds made payment for a 1961 Chevrolet, two-door hardtop, Imp ala, that was involved in a collision, and received title to the automobile. Defendant then solicited bids for the sale of the damaged vehicle and the plaintiff was the successful bidder for the sum of $126. Payment was made and the defendant delivered a certificate of sale on the MV-50 form of the Department of Motor Vehicles. Plaintiff subsequently sold the vehicle to a third party, Bay Bedell Auto Body, for $300 and some used parts consisting of a fender, a hood and door valued at $75.
Bay Bedell Auto Body repaired the vehicle and offered it for sale at an auction, when it was seized by the Nassau County Police as being a stolen vehicle. Plaintiff claims that he had to make payment to Bay Bedell Auto Body to the extent of $650 and makes claim against the defendant for reimbursement.
It is essential to performance of a contract of sale that the *233 seller deliver the subject of the sale and give the buyer good title thereto. (2 Encyclopedia New York Law, Automobiles, § 1387.)
Under the New York common law, it was held that “In every case of a sale of personal property there is an implied warranty of title, and this is analogous to a convenant for quiet enjoyment of land * * *. The effect of such a warranty is to guarantee the purchaser against eviction or injury from other parties ” (McGriffin v. Baird, 62 N. Y. 329, 331 [1875]; McClure v. Central Trust Co., 165 N. Y. 108 [1900]; Burt v. Dewey, 40 N. Y. 283 [1869]).
Section 2-312 of the Uniform Commercial Code provides in effect under subdivision (1) and (2), that in every contract for sale there is an implied warranty of title, namely, that the title conveyed is good and its transfer rightful, subject to exclusion by specific language “ or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have. ” Subdivision (3) provides that “unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person It would appear that this latter subdivision is not applicable in the instant case, as defendant is an insurance company and not a merchant regularly dealing in the sale of automobiles.
The primary question to be determined in the instant case is whether or not the facts and circumstances of the sale were such as would give the plaintiff purchaser reason to know that the defendant seller was purporting to sell only such right or title as he had.
The former Uniform Sales Law (Personal Property Law, former § 94) provided that its provisions on warranty of title did not render liable a Sheriff, auctioneer, mortgagee, or other person professing to sell by virtue of authority in fact or law, goods in which a third person had a legal equitable interest. (Uniform Commercial Code, § 2-312, Official Comment 5.)
“ Under provisions of the Personal Property Law [old counterpart of the Uniform Commercial Code], the seller of goods, in the absence of appearance of an intention to the contrary, impliedly warrants that he has the right to sell the goods, and in application of this statute to motor vehicles it has been held that the seller of such a vehicle impliedly warrants that he has title thereto and that he can convey a good title to the buyer. ” (2 Encyclopedia New York Law, Automobiles, § 1401.)
*234 “ The code recognizes that sales by sheriffs, executors, foreclosing lienors, and persons similarly situated are so out of the ordinary commercial course that their peculiar character is immediately apparent to the buyer, and therefore no personal obligation is imposed upon the seller who is purporting to sell only an unknown or limited right. ” (51 N. Y. Jur., Sales, § 180.)
In People v. Jefferson Credit Corp. (21 Misc 2d 300), the defendant financier was convicted of dealing in second-hand articles without a license. The court held that if the financier defendant had repossessed automobiles and sold them at public auction to the highest bidder, such sale would have been incidental to its business, since it could not retain such repossessed vehicles as its own; but the moment the financier resold vehicles that it had purchased at auction, whether to original dealers or to other dealers, it departed from its role as financier and became a dealer in second-hand automobiles.
Although it cannot be said that defendant acted as a dealer in used cars, it is apparent that defendant, by purchasing the automobile from its insured, and reselling it to plaintiff, does not come within the category of persons professing to sell merely by virtue of some special authority such as a Sheriff, auctioneer, mortgagee or the like.
The facts and circumstances under which defendant sold the automobile were not such as would give the plaintiff purchaser reason to lmow that defendant was purporting to sell only such right or title as the defendant had.
Accordingly, there attached to the sale an implied warranty of title pursuant to subdivisions (1) and (2) of section 2-312 of the Uniform Commercial Code. The effect of such a warranty is to guarantee the purchaser against eviction or injury from other parties. (McGiffin v. Baird, 62 N. Y. 329, supra.)
As to the time a warranty of title is breached, the New York courts have held that a cause of action arises when the buyer is disturbed in his possession. (Sweetman v. Prince, 26 N. Y. 224.) There was testimony as to the seizure of the automobile by the Nassau County police as a stolen vehicle and he has therefore established a breach of warranty of title implicit in the sale made by plaintiff.
With respect to amount of damages to which plaintiff is entitled the case of Pinney v Geraghty (209 App. Div. 630) relied upon by plaintiff, is not entirely applicable. In that ease, the buyer of a car purchased under a warranty of title sold it at a higher price to another, from whom it was taken by the true owner, and who recovered the purchase price from the intermediate seller after the latter had given notice of the action *235 to the original seller and required him to defend it, which he failed to do. The court held that the original seller is liable as an indemnitor for the amount of the judgment recovered by the subsequent purchaser and paid by defendant.
It is a familiar doctrine that one who has been compelled to pay a judgment recovered against him because of the wrongful act of a third person has an action over against such person, and that where such person had had notice of the formal action and an opportunity to defend, the judgment is binding and conclusive upon him. (Liberty Mut. Ins. Co. v. Colon & Co., 235 App. Div. 117; Village of Port Jervis v. First Nat. Bank of Port Jervis, 96 N. Y. 550; Morette v. Bostwick, 127 App. Div. 701.)
The instant case is distinguished from the case of Pinney v. Geraghty (supra) and the cases above cited in that no judgment was ever procured against the plaintiff by a third-party purchaser, Bedell, nor was the defendant herein afforded an opportunity to defend against the claim of the third-party purchaser. The plaintiff, therefore, is limited to the normal damages for breach of warranty of title to consist of the original purchase price plus repairs and other expenses incurred in putting the car in a saleable condition. I therefore find that the plaintiff has sustained the burden of proof in establishing his cause of action against the defendant and award him the sum of $339 damages together with the costs and disbursements of this action arrived at as follows: