**Hubert TRIAL, d/b/a Old Fort Trading Post, Appellant,**

v.

**Don McCOY, Appellee.**

**No. 6595.**

Court of Civil Appeals of Texas, El Paso.

June 15, 1977.

Rehearing Denied July 12, 1977.

Lonnie W. Duke, San Antonio, for appellant.

Schwartz & Earp, Larry H. Schwartz, David R. McClure, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

The question presented by this appeal is whether Tex.Bus. & Comm.Code Ann. Sec. 17.50, known as the Deceptive Trade Practices—Consumer Protection Act, permits the award of treble damages and attorney's fees to one who is a merchant. A second question involves the proof necessary to show a breach of warranty of title.

Appellee bought an antique pistol from Appellant for $1,000.00 and brought this action for breach of warranty of title when the gun was taken from Appellee by police officers as being a stolen gun and was returned to a third party. The trial Court granted Appellee's motion for summary judgment awarding treble damages and attorney's fees. We affirm on the issue of liability and reverse on the issue of damages.

Appellee sought recovery for breach of warranty of title under Tex.Bus. & Comm. Code Ann. Sec. 2.312, which conforms to Section 2–312 of the Uniform Commercial Code promulgated by the American Law Institute in the National Conference of Commissioners on Uniform State Laws. The Section provides that, in a contract of sale, there is a warranty by the seller that the title conveyed shall be good and its transfer rightful, and that the goods shall be delivered free from any security interest or encumbrance of which the buyer at the time of contracting has no knowledge. The question here presented is whether there has been a breach of the warranty of title, and the answer to that question is dependent on whether there must be proof that the gun was stolen, or may the breach of warranty be established by the fact that there was a disturbance of quiet possession in Appellee.

The summary judgment evidence that the gun was stolen cannot be considered since it was hearsay. That leaves

the evidence to be that the gun was taken from Appellee's possession by police officers on their information that it was stolen property, and it was never returned to Appellee. Appellee notified Appellant of the loss and Appellant subsequently refused to refund Appellee's money. If there is a duty to prove that the gun was stolen for breach of warranty of title, then Appellee's failure to do so would require a reversal of the summary judgment. We are of the opinion, however, that the proof made was sufficient under Section 2.312. The official comment to that Section provides:

"The warranty of quiet possession is abolished. Disturbance of quiet possession, although not mentioned specifically, is one way, among many, in which the breach of the warranty of title may be established."

Cases from other jurisdictions have found breach of warranty of title in the loss of the buyer's property where it was impounded by law enforcement officials. *American Container Corp. v. Hanley Trucking Corp.,* 111 N.J.Super. 322, 268 A.2d 313 (1970); *Ricklefs v. Clemens,* 216 Kan. 128, 531 P.2d 94 (1975); *John St. Auto Wrecking v. Motors Insurance Corporation,* 56 Misc.2d 232, 288 N.Y.S.2d 281 (1968); *Spillane v. Liberty Mutual Insurance Co.,* 65 Misc.2d 290, 317 N.Y.S.2d 203 (1970), affirmed, 68 Misc.2d 783, 327 N.Y.S.2d 701 (1971). In *American Container,* the property was possessed by the police for ninety days and afterwards was returned to a third party. Such is the substance of the proof before us, and we think it sufficient to show that there was a breach of the warranty of title. The trial Court properly found that Appellee was entitled to recover under Tex.Bus. & Comm. Code Ann. Sec. 2.312, and that would entitle him to his actual damages—loss of the purchase price. However, the award of treble damages presents a different question.

■ The trial Court awarded treble damages, costs of Court and attorney's fees as provided by Tex.Bus. & Comm.Code Ann. Sec. 17.50. Appellant, by appropriate points of error, questions Appellee's right to recover under that Section in that he was not a "consumer" within the meaning of the

act. We are of the opinion that a fact question exists as to Appellee's consumer status. Section 17.50 is entitled "Relief for Consumers." Paragraph (b) provides:

"(b) In a suit filed under this section, each consumer who prevails may obtain:

"(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended * * * ."

Two Texas cases have held that the cause of action conferred by Section 17.50 is restricted to the class of claimants defined as "consumers" within the meaning of Section 17.45(4) of the Act. *Russell v. Hartford Casualty Insurance Company,* 548 S.W.2d 737 (Tex.Civ.App.—Austin 1977, no writ); *Bourland v. State,* 528 S.W.2d 350 (Tex.Civ. App.—Austin 1975, writ ref'd n. r. e.). At the time this cause arose and was tried, Section 17.45 under definitions provided:

"(4) 'Consumer' means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services.

"(5) 'Merchant' means a party to a consumer transaction other than a consumer."

Clearly, then, one who is a merchant cannot be a consumer under the Act. There is ample evidence to raise a fact question as to whether or not Appellant was a merchant as defined in Tex.Bus. & Comm.Code Ann. Sec. 2.104. His testimony was that he has been buying, selling, and collecting guns for some twenty-five years, and that he was once a dealer. In fact, the gun in question was being exhibited at a gun show and offered for sale by him at the time it was taken from his possession by the police.

Appellee's consumer status goes to the damage award portion of the judgment, and it is only in the award of damages that the judgment is erroneous. Rule 166–A, Tex.R.Civ.P., provides that a summary judgment may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages. This is an appropriate case for such action. We affirm the liability portion of the judgment

that Appellee is entitled to recover his damages from Appellant. Because of the fact question presented as above discussed, we reverse that portion of the judgment awarding treble damages and attorney's fees, and remand the cause to the trial Court for determination of the question of the amount of damages in a trial on the merits. We affirm in part and reverse and remand in part.