The appellant, City Car Sales, Inc., appeals from the granting of the motion for summary judgment by the trial court in favor of Patricia McAlpin against City Car Sales, Inc., and the appellant, Patricia McAlpin, appeals from the summary judgment rendered in favor of American Insurance Company and against McAlpin.
On June 4, 1975 Patricia McAlpin and Samuel Martin, who were living together, purchased a 1972 Cadillac from City Car Sales, Inc. (hereinafter referred to as "City"). Ms. McAlpin is shown as the record purchaser. City had previously purchased the car from Robert Gaines on April 4, 1975 for $2,600.00, the car carrying a 1975 Alabama license plate issued to Gaines on February 25, 1975. Gaines had received the car and bill of sale from William Reynolds on February 19, 1975. The car loan was being paid through the Social Security Employees' Credit Union. According to Mr. Martin's deposition, he would give McAlpin the money to put in her checking account and she would then send the credit union a check.
Martin and McAlpin moved to California. Later they broke up and Martin returned to Alabama with the Cadillac as previously agreed upon. Approximately five weeks after returning to Alabama the car was picked up by the Bessemer Division of the Jefferson County Sheriff's Office and impounded as a stolen vehicle. McAlpin flew back from California to help Martin obtain the release for the car. She furnished the bill of sale for the Cadillac and issued a power of attorney authorizing the release of the car to Martin. There is no evidence as to whether the sheriff's department determined the car to be stolen or not. There is only a statement by Jim Bailey, the owner of City, in an affidavit in opposition to summary judgment, that it was determined by the department that the vehicle had not been stolen. The record does reflect that the car was released to Martin after he paid the storage cost. A few months after this, Martin received a call from American Insurance Company claiming her car. Martin stated in his deposition that he told the company to come and get the car but that it was his. The car was reclaimed and henceforth has been sold. American claims title to the car through Delores Damveld, Oscar Penson and Hampton National Bank of St. Louis, Missouri, the claim arising from payment for loss of the car through theft to these three parties. American claims the car was assigned to it on May 19, 1975 and that it received title from the state of Missouri around July 21, 1975 thus permitting it to trace title through an unbroken chain back to the automobile's original owner.
McAlpin has brought two causes of action: one against City for breach of warranty and one against American for conversion of the Cadillac. The trial court granted *Page 867 
McAlpin's motion for summary judgment against City for breach of warranty with leave to prove damages against City which were later found to be $2,786.87. Summary judgment was also granted in favor of American Insurance Company against McAlpin, holding that American had not converted the car.
The appellant, City, urges that the following issues should have been litigated by the trial court: (1) whether City had in fact good title, therefore not constituting breach of warranty; and (2) whether McAlpin is a real party in interest under Rule 17 of the Alabama Rules of Civil Procedure. City states that McAlpin has assigned her rights, title and interest in the car, including the warranties, and that she cannot now maintain an action for this breach. City also contends that the trial court erred in determining damages incurred by McAlpin.
This court follows the scintilla of evidence rule that if there is any evidence, or if reasonable inferences therefrom furnish a mere gleam, glimmer, spark, the least bit, the smallest trace, a scintilla, in support of the theory of the complaint, the issue should be litigated. Union Central LifeInsurance Co. v. Scott, 286 Ala. 10, 236 So.2d 328 (1970).
City's first contention is that it transferred a good title to the Cadillac and therefore McAlpin cannot make out a case for breach of warranty of title against City.
The Uniform Commercial Code, specifically § 7-2-312 of the Code of Alabama 1975, provides a buyer with a warranty of title. The official comment to § 7-2-312 states that this section provides for a buyer's basic needs as to title, that being a good, clean title transferred to him in a rightful manner so that he will not be forced to defend the title in a lawsuit. In the present case it is undisputed that the Cadillac purchased by McAlpin from City was impounded by the American Insurance Company. American seized the vehicle based upon a certificate of title issued by the state of Missouri. McAlpin brought this lawsuit to protect her interest in the automobile.
The official comment to § 7-2-312 provides:
 The warranty of quiet possession is abolished. Disturbance of quiet possession, although not mentioned specifically, is one way, among many, in which the breach of the warranty of title may be established.
A number of courts have found breach of warranty of title in the loss of the buyer's property where it was impounded by law enforcement officials. Trial v. McCoy, 553 S.W.2d 199
(Tex.Civ.App. 1977); Ricklefs v. Clemens, 216 Kan. 128,531 P.2d 94 (1975); Spillane v. Liberty Mutual Insurance Co.,65 Misc.2d 290, 317 N.Y.S.2d 203 (1970), aff'd 68 Misc.2d 783,327 N.Y.S.2d 701 (1971); American Container Corp. v. HanleyTrucking Corp., 111 N.J. Super. 322, 268 A.2d 313 (1970); JohnSt. Auto Wrecking v. Motors Insurance Corp., 56 Misc.2d 232,288 N.Y.S.2d 281 (1968).
The casting of a substantial shadow over a purchaser's title to an automobile is sufficient to violate a warranty of good title. Ricklefs v. Clemens, supra; American Container Corp. v.Hanley Trucking Corp., supra.
We believe the evidence as noted above and as relied on by us in the disposition of McAlpin's appeal establishes a breach of warranty of title under § 7-2-312 so that a material issue of fact does not exist. Therefore we affirm the trial court's decision granting a summary judgment in favor of McAlpin.
The appellant, City, next contends that McAlpin is not the real party in interest, and for that reason, cannot maintain an action for breach of warranty of title. We cannot agree. The bill of sale received upon purchase of the Cadillac was in Patricia McAlpin's name. Samuel Martin admitted that the payments on the loan for the vehicle were made through McAlpin's checking account. Martin stated that the loan for the vehicle was obtained from the credit union where McAlpin was employed, and that the loan was in McAlpin's name. *Page 868 
The Cadillac was also registered in McAlpin's name. Martin does contend, however, that he participated in the purchase with McAlpin, that he furnished the money for the first six or seven payments, and that he received the vehicle in an oral settlement when he and McAlpin broke off their relationship.
The effect of Rule 17 (a), ARCP, is that the action must be brought by the person who is entitled to enforce the right claimed therein. U-Haul Company of Alabama v. Turner, Ala.Civ.App., 355 So.2d 384 (1978). Who has such right is a matter of substantive law of the particular jurisdiction. 6 Wright Miller, Federal Practice and Procedure, § 1543. We believe that McAlpin is the "real party in interest" within the meaning of Rule 17 (a), ARCP. The evidence establishes that McAlpin purchased the Cadillac and has not since relinquished ownership, and therefore is entitled to bring an action for breach of warranty of title against City under § 7-2-312 of the Code of Alabama 1975.
City's final contention is that the trial court erred in determining the amount of damages for breach of warranty of title. The trial court determined the value of the vehicle based upon its value on the retail market. A used car dealer testified that he had sold the Cadillac for $2,600 three months after it had been impounded by American. The dealer also testified that he spent $150 preparing the vehicle for sale. The trial court awarded McAlpin $2,786.87 in damages, that being the retail value of the vehicle less repairs plus interest from the date American impounded the vehicle.
The measure of damages for breach of warranty is found in Code of Alabama 1975, § 7-2-714 (2), wherein it is stated:
 (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages for a different amount. . . .
This provision requires that the values used in determining money damages are to be measured as of "the time and place of acceptance," unless special circumstances indicate damages in a different amount.
McAlpin had use of the vehicle for a period of time after sale without any notice of a defective title. We believe this constitutes "special circumstances" and takes the case out of the "time and acceptance" provision of § 7-2-714 (2). Ricklefsv. Clemens, supra. Therefore the correct measure of damages for breach of warranty of title was the value of the vehicle at the time that the buyer effectively lost use of it, and not the sale price of the vehicle at the time of the sale by City Sales to McAlpin. Schneidt v. Absey Motors, Inc. v. Ramage,248 N.W.2d 792 (N.D. 1976). In this way, the buyer will recover what he has "actually lost." Itoh v. Kimi Sales, Ltd.,74 N.Y.2d 402, 345 N.Y.S.2d 416 (1973).
We believe the trial court applied the correct measure of damages. The court determined, as nearly as possible, the value of the vehicle at the time of dispossession, and awarded McAlpin interest from that date. Therefore, we can find no error with the trial court's award of damages.
McAlpin has appealed the trial court's granting of a summary judgment in favor of American on her action for conversion.
In order to recover for conversion, the plaintiff must show legal title to the property at the time of the conversion and his immediate right of possession. Johnson v. U-Haul ofSouthern Alabama, Inc., Ala.Civ.App., 357 So.2d 665 (1978). In addition, it must appear that there has been a wrongful taking or detention. Johnson, supra.
McAlpin has not been able to show legal title at the time of the alleged conversion. American introduced a certificate of title from Missouri showing an unbroken chain of title to the automobile from the original purchaser to American. It is understood that a certificate of title is only prima facie evidence of ownership, which can be contradicted by other evidence. Case v. Universal Underwriters Insurance *Page 869 Co., 534 S.W.2d 635 (Mo.App. 1976); Wielgorecki v. White,133 Ga. App. 834, 212 S.E.2d 480 (1975). See Alabama Code 1975, §32-8-39 (d). However, McAlpin's only evidence to support her claim of legal title in the automobile was a bill of sale from City and a license registration from the state of Alabama. Butsee, State Farm Mutual Automobile Insurance Co. v. GeneralMutual Insurance Co., 282 Ala. 212, 210 So.2d 688 (1968). This evidence does not contradict American's certificate of title which indicates that the chain of title to the Cadillac is unbroken and that American is the present owner. McAlpin has not established legal title to the Cadillac and therefore cannot recover for conversion. We view the evidence as presenting no genuine issue of material fact. Therefore, we affirm the trial court's granting of American's motion for summary judgment.
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.