RUSSELL, Judge.
Byron Cofer filed a complaint against Jack Steele for breach of warranty of title to a Chevrolet van. An order was entered in district court in favor of Cofer in the amount of $1,200. Steele appealed to circuit court, and after a trial a jury verdict was returned in favor of Cofer in the amount of $3,038. The trial court denied Steele’s motion for a judgment notwithstanding the verdict, for a new trial, or, in the alternative, for a remittitur of the damages. Steele appeals. We affirm.
Initially, we note that jury verdicts in Alabama are presumed to be correct and that this presumption is strengthened by a denial of a motion for new trial. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). We must view the evidence most favorably to the prevailing party and may not reverse unless the judgment based on the jury verdict is plainly and palpably wrong. Id.
*1221 The record reveals that Steele is a wholesale used car dealer, who purchased the van at auction in Illinois. Steele did not attempt to transfer title to the vehicle to his name. He sold the van to Cofer, a used car dealer at that time, in January 1984, approximately one year later. Cofer did not obtain title to the vehicle in his name either, and in February 1985 he sold the van to Ronald Cornett for $1,000.
After Cornett applied for a title, he was informed that the initial lien on the van had not been released, and he was unable to obtain a title in his name. Cofer contacted Steele, who obtained a lien release letter from the auction company in Illinois, which Steele gave to Cornett. Cornett testified that he was told that the letter was not what was required and that he did not receive title to the van.
Cofer refunded to Cornett the purchase money and money for repairs to the van in the amount of $2,200. He then requested that Steele reimburse him the $2,200 that he paid to Cornett. Cornett testified that the van was worth $2,500 to $3,000 when he returned it to Cofer in August 1985. Cofer testified that it was worth $1,500 to $2,000 when it was returned to him in 1985, but that it was worth only its value as’ scrap in February 1992, the time of the trial.
After Cofer notified Steele that he had repurchased the van and had filed suit against Steele, Steele obtained a duplicate title from Illinois, dated September 30, 1987. A certified copy of the motor vehicle records from Illinois showed that the lien had been released in March 1984. Steele testified that he applied for a duplicate title because “I knew they weren’t trying to get the title; I knew that a person could get the title.”
Steele contends that the trial court erred in failing to grant his motion for a directed verdict or for a judgment notwithstanding the verdict (JNOV) because, he claims, the verdict was against the weight of the evidence. He claims that the jury ignored the evidence that the lien against the van had been released approximately two months after Steele sold the van to Cofer and prior to Cofer’s selling the van to Cornett. Steele further states that Cofer’s claim that Steele did not furnish him with good title to the van as required by § 7-2-312, Ala.Code 1975, is precluded because, he claims, Cofer had actual knowledge from the title document that the lien had not been satisfied.
Section 7-2-312 provides in pertinent part as follows:
“(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that:
“(a) The title conveyed shall be good, and its transfer rightful; and
“(b) The goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.
“(2) A warranty under subsection (1) will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.”
Steele states that Cofer received the original title, which showed on its face that the lien had not been satisfied; that, because Cofer was a used car dealer, he should have noticed that the lien had not been released; and that Cofer admitted at trial that he made a mistake in not noticing that the lien was not released. Therefore, Steele claims, the warranty should be excluded pursuant to § 7-2-312(2).
Clearly, the van was not delivered free from any security interest, as required by § 7 — 2—312(l)(b); therefore, the warranty was breached. Regarding an avoidance or affirmative defense, Rule 8(c), Alabama Rules of Civil Procedure, provides as follows:
“In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, lach-es, license, payment, release, res judica- *1222 ta, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.”
(Emphasis supplied.)
Steele raises the avoidance or affirmative defense of § 7-2-312(2) for the first time on appeal. As is well established, this court will not consider a theory or issue that was not pleaded or raised in the trial court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983). A detailed review of the record shows that this defense was not raised in the trial court; therefore, we will not consider it.
Next Steele contends that the trial court erred by not ordering a remittitur of the damages awarded to Cofer because of “special circumstances” in Cofer’s possession of the van. He claims that the trial court should have remitted the damages in accordance with his request because, he claims, Cofer failed to mitigate his damages.
Quoting from City Car Sales, Inc. v. McAlpin, 380 So.2d 865 (Ala.Civ.App.1979), Steele states that an automobile buyer’s use of a vehicle for a period of time after sale without any notice of defective title constitutes special circumstances and takes the case out of the time and acceptance provisions of § 7-2-714(2), Ala.Code 1975. “Therefore the correct measure of damages for breach of warranty of title was the value of the vehicle at the time that the buyer effectively lost use of it, and not the sale price of the vehicle at the time of the sale_” City Car Sales, 380 So.2d at 868.
Steele then claims that Cofer did not lose the use of the van when he repurchased it from Cornett because as a dealer he could have driven the van with his dealer tags on it and did not need to title it in his name. He also claims that Cofer should have stored the vehicle to protect it or should have returned it to Steele. However, the jury could have found that, as a used car dealer, Cofer’s use of the van was to sell it, rather than to drive it. In addition, although we agree that Cofer had a duty to mitigate the damages, Steele cites no authority suggesting that Cofer was required to return the van prior to his money being returned to him and presented no evidence that the van would have been worth any more than scrap value at the date of trial if it had been stored.
Based on the above, and viewing the evidence most favorably to the prevailing party, we hold that the judgment is not plainly and palpably wrong. The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.