OPINION OF THE COURT
Shirley Werner Kornreich, J.
This is an action for breach of warranty of title in the sale of an automobile. Claimant seeks to recover the cost of the automobile, the cost of restoring the car and legal fees arising from the arrest of his son for possession of a stolen vehicle. The action was brought against defendant Perna who sold claimant the car. Defendant Perna brought a second action against third-party defendant Locascio, the City Marshal who sold him the automobile. The actions were consolidated for trial.
FINDINGS OF FACT
Claimant and defendant Perna testified at trial. I found both believable. Based upon the credible evidence, I make the following findings.
*506 On January 31, 1992, defendant Perna purchased a 1981 Oldsmobile at a traffic auction from third-party defendant Locascio. The certificate of sale, signed by defendant Perna, indicated that the car had been seized pursuant to execution issued upon an action brought by the New York City Parking Violations Bureau against Jose L. Cruz. Defendant Perna bought the car for $1,800 plus tax and towing fees "subject to the terms and conditions of any and all chattel mortgages, rental agreements, liens, conditional bills of sale, and encumbrances that may be on the motor vehicle of the above judgment Debtor.” The automobile had 58,103 miles on its odometer at the time.
On or about May 7, 1993, defendant Perna sold the car to claimant, a co-worker, for $1,200. The vehicle had approximately 65,000 miles on its odometer at the time of sale. During the period in which he owned the automobile, claimant made a number of repairs to the car. Several of these repairs were in the nature of maintenance, but repairs such as replacing the radiator ($270), repair of the power steering and a "valve cover gasket” ($117) and replacement of a door lock ($97.45) added value to the car.
Claimant registered and insured the vehicle and a valid certificate of title was issued to him. In February of 1994, claimant’s son was driving the Oldsmobile when he was stopped by the police and subsequently arrested for driving a stolen vehicle.[1] His son was kept in jail overnight and released after arraignment. The charges eventually were dismissed but not without a further court appearance and $600 in attorney’s fees paid by claimant. The Oldsmobile was never returned to claimant. At the time the automobile was seized by the police, its odometer reflected about 73,000 miles.
Third-party defendant Locascio moved for dismissal of the action, contending that it was barred by the one-year Statute of Limitations set forth in CPLR 215. For the reasons which follow, third-party defendant Locascio’s motion is granted and judgment is rendered in favor of claimant and against defendant Perna.
*507 CONCLUSIONS OF LAW
The sale of goods in New York is governed by article 2 of the Uniform Commercial Code. UCC 2-312 (1) (a) adopts the common-law rule that a contract for the sale of goods contains an implied warranty of title, a rule previously embodied in New York Personal Property Law § 94. (See also, 2 Williston, Sales § 15-18, at 386 [4th ed].) The statute, however, excludes contracts from warranting title when "specific language or * * * circumstances * * * give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have.” (UCC 2-312 [2].) Sales by a Sheriff have long been recognized to be "so out of the ordinary commercial course that their peculiar character is immediately apparent to the buyer” and, thus, exempt under UCC 2-312 (2). (UCC 2-312, Comment 5; John St. Auto Wrecking v Motors Ins. Corp., 56 Misc 2d 232 [Dist Ct, Suffolk County 1968].) The duties, obligations and liabilities of a Marshal are the same as those of a Sheriff. (Eckstein v Massachusetts Bonding & Ins. Co., 281 NY 435 [1939], rearg denied 282 NY 590 [1940].) Therefore, sales by a Marshal should be exempt from coverage by UCC 2-312.
Here, not only was the sale to defendant Perna a public auction by a Marshal, but the certificate of sale expressly informed defendant Perna that he was purchasing title to a vehicle burdened with any encumbrances the judgment debtor had accrued. Accordingly, Marshal Locascio’s sale to defendant Perna at auction encompassed no implied warranty of title, and the third-party action against Marshal Locascio must be dismissed.
Even were this not the case, the action against Marshal Locascio would be barred by the Statute of Limitations. A one-year Statute of Limitations applies to actions against Marshals stemming from conduct performed in their official capacity. (CPLR 215 [1]; Jemison v Crichlow, 139 AD2d 332 [2d Dept 1988], affd 74 NY2d 726 [1989].) CCA 701 (a) provides that all processes and mandates of the court shall be served or executed by the City Sheriff or Marshal. The Marshal, then, is empowered to levy against personal property and sell that property at auction. (CCA 1504; CPLR 5232, 5233.) Marshal Locascio’s execution upon the Oldsmobile and his subsequent sale of the car at public auction, thus, were duties performed by him in his official capacity and fell within the one-year Statute of Limitations.
*508 Although an equitable argument could be made that the one year should start to run from the time quiet possession of the property was interrupted (see, 2 Williston, Sales § 15-18, at 385, op. cit.), the UCC appears to make no distinction between the accrual of an action for breach of warranty of title and an action for breach of warranty of merchantability. Indeed, Comment 2 to UCC 2-312 specifically notes that an action for breach of warranty of title is controlled by UCC 2-725 and accrues when tender of delivery is made. (See also, Huff v Hobgood, 549 So 2d 951 [Sup Ct, Miss 1989] [Statute of Limitations on action for breach of warranty of title under UCC art 2 begins to run when goods are tendered].)
Here, the car was tendered on or about January 31, 1992, nearly three years before the commencement of the third-party action. The one-year statutory period clearly had passed. Marshal Locascio’s motion for a directed verdict, thus, must be granted.
On the other hand, claimant has demonstrated a clear breach of warranty of title by defendant Perna. The Marshal’s exemption does not apply to this sale. (See, Pinney v Geraghty, 209 App Div 630 [3d Dept 1924] [seller of stolen automobile was liable to buyer for breach of warranty of title]; Itoh v Kimi Sales, 74 Misc 2d 402 [Civ Ct, Queens County 1973] [seller who purchased automobile at auction was liable to buyer for breach of warranty of title where automobile was subsequently found to have been stolen]; John St. Auto Wrecking v Motors Ins. Corp., 56 Misc 2d 232, supra [collision insurer who sold automobile to used car dealer breached warranty of title when police seized automobile as stolen vehicle].) Nor is the action precluded by the four-year Statute of Limitations proscribed by UCC 2-725. Judgment, therefore, is rendered in favor of claimant against defendant Perna.
There remains the question of damages. The UCC provides that "the measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.” (UCC 2-714 [2]; 2 Williston, Sales § 16-8 [2] [c], op. cit.) It is the court’s determination that "special circumstances” mandating a valuation other than the purchase price would be equitable here. (See, Menzel v List, 24 NY2d 91, 98 [1969] [measure of damages for breach of warranty of title should be based on *509 value of goods rather than purchase price thus reflecting "what the buyer has actually lost and (awarding) to him only the loss which has directly and naturally resulted, in the ordinary course of events, from the seller’s breach of warranty”]; Itoh v Kimi Sales, 74 Misc 2d 402, 404, supra [buyer’s measure of damages for seller’s breach of warranty of title arising from sale of stolen car was value of car on date buyer required to return it, not purchase price]; Wilson v Manhasset Ford, 27 Misc 2d 154, 157 [Dist Ct, Nassau County 1960] [in action brought to recover for breach of warranty of title, proper measure of damages was market value of automobile at time it was surrendered to authorities]; cf., Masoud v Ban Credit Serv. Agency, 128 Misc 2d 642 [App Term, 2d & 11th Dists 1985] [auctioneer who breached warranty of title by auctioning stolen automobile was liable for purchase price of automobile].)[2]
Here, although claimant had use of the car for more than nine months, during which period its value depreciated, claimant repaired and improved the car by replacing the radiator, a gasket and door lock. Any depreciation is offset by the repairs made to the car which increased its value. Accordingly, the court finds the value of the automobile at the time of its loss was equal to $1,200.
In addition, consequential damages may be awarded in a proper case. (UCC 2-714 [3].) Consequential damages include damages that the seller had reason to know at the time of the sale could proximately arise from the breach of warranty. (UCC 2-715 [2].) In this case, where defendant Perna did not know nor would have reason to know that the Oldsmobile was a stolen vehicle and where he, in fact, had registered and insured the vehicle, the arrest and the cost of defending that arrest were not reasonably foreseeable. He should not be held liable for the consequential damages arising from the police conduct. Judgment is rendered for claimant Marino in the amount of $1,200 with interest from May 7, 1993.

. Claimant had no court papers indicating the specific crime with which his son was charged nor did claimant’s son come forward to testify.

. Courts in other jurisdictions have held that damages for breach of warranty of title arising from the sale of a stolen car present "special circumstances” that require a valuation measured from the time that claimant lost its use. (See, e.g., Ricklefs v Clemens, 216 Kan 128, 531 P2d 94 [1975]; Schneidt v Absey Motors, 248 NW2d 792 [ND 1976]; City Cars Sales v McAlpin, 380 So 2d 865 [Ala Civ App 1979].)