**Wilmer B. GAY, Plaintiff–Appellant,**

**v.**

**George PETSOCK, Warden, James E. Mc-Fetridge C.O. 1, Dewue Livingston, Sergeant, Sgt. Whitehouse, Defendants–Appellees.**

**No. 88–3454.**

United States Court of Appeals,
Third Circuit.

Submitted July 25, 1990.

Oct. 26, 1990.

Wilmer B. Gay, Lompoc, Cal., pro se.

Ernest D. Preate, Jr., Atty. Gen. of the Com. of Pa., Pittsburgh, Pa. (Kenneth J. Benson, Deputy Atty. Gen., Calvin R. Koons, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Litigation Section, Pittsburgh, Pa.), for defendants-appellees.

Before LUMBARD, KEARSE and WINTER, Circuit Judges.*

KEARSE, Circuit Judge:

Plaintiff Wilmer B. Gay, a prisoner currently incarcerated in a federal penitentiary at Lompoc, California, appeals from a final judgment of the United States District Court for the Western District of Pennsylvania, Maurice B. Cohill, Jr., *Chief Judge,* dismissing his complaint for damages against defendants George Petsock, James McFetridge, Dewue Livingston, and Sgt. Whitehouse for the alleged denial to Gay of access to the courts in violation of his rights under the First and Fourteenth Amendments of the United States Constitution. On appeal, Gay contends principally that the district court erred in (1) summarily dismissing the complaint against Petsock; (2) directing verdicts in favor of Livingston and Whitehouse; (3) not setting aside the jury's verdict in favor of McFetridge; and (4) denying a number of Gay's

*\* Judges of the United States Court of Appeals for*

pretrial motions. Finding no merit in any of his arguments, we affirm the orders and judgment of the district court.

## I. BACKGROUND

The complaint centers on events that occurred in July 1984 when Gay, who had been convicted on state criminal charges, was incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania ("SCIP"). Petsock was the Superintendent of SCIP, McFetridge and Livingston were SCIP corrections officers, and Whitehouse was a sergeant in the Pennsylvania State Police. The complaint alleged that on July 27, 1984, McFetridge, who was at the time the subject of another lawsuit brought by Gay, ordered Gay to remove all legal materials from his cell. These materials related to Gay's own state criminal appeal and civil actions, as well as to cases in which Gay was providing legal assistance to other prisoners. After Gay refused to follow McFetridge's order, he was charged with a prison infraction and, after a disciplinary hearing, was confined to his cell for fifteen days. The complaint alleged that Petsock and Livingston had acted in concert with McFetridge in connection with these events. In addition, he alleged that Whitehouse acted in concert with McFetridge by refusing to process a criminal complaint against McFetridge.

Prior to trial, Petsock successfully moved to dismiss the complaint against him. The action proceeded to trial against the remaining defendants before a jury. At the close of Gay's case, the court granted directed verdicts in favor of Livingston and Whitehouse. Thereafter, the jury returned a verdict in favor of McFetridge. Judgment was entered accordingly, dismissing the complaint against all defendants.

This appeal followed. Following Gay's motion to disqualify the judges of the United States Court of Appeals for the Third Circuit, we were designated to hear this appeal by the Chief Justice of the United

*the Second Circuit, sitting by designation.*

States Supreme Court pursuant to 28 U.S.C. § 291(a) (1988).

## II. DISCUSSION

On appeal, Gay contends principally that the district court erred in (1) summarily dismissing the complaint against Petsock for failure to state a claim on which relief could be granted; (2) directing verdicts in favor of Livingston and Whitehouse for insufficiency of the evidence; (3) not setting aside the jury's verdict in favor of McFetridge; and (4) denying a number of Gay's procedural motions. We have considered all of Gay's arguments on appeal and, finding no merit in them, we affirm.

### A. *The Substantive Decisions*

■ The district court dismissed the claims against Petsock on the ground that only McFetridge was alleged to have given the order that Gay send materials home, and that the basis for the claim against Petsock was apparently one of *respondeat superior*. Giving plenary review to the dismissal, *see Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir.1989), we find nothing in the record to suggest that Petsock was involved in the acts complained of or that they were done with his knowledge and acquiescence. Accordingly, the dismissal of the complaint against him was proper. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988).

■ We also find no error in the trial court's granting of directed verdicts in favor of Livingston and Whitehouse for lack of any evidence that they conspired with McFetridge. "Our review of the grant of a directed verdict is plenary and we apply the same standard as would the district court in passing on the motion originally." *Frank Arnold Contractors v. Vilsmeier Auction Co.*, 806 F.2d 462, 463 (3d Cir. 1986). A directed verdict is appropriate when "there is insufficient evidence from which a jury could reasonably find for the opponent, the court viewing the evidence in the light most favorable to the opponent, and giving him the advantage of every fair and reasonable inference." *Laskaris v. Thornburgh*, 733 F.2d 260, 264 (3d Cir.), *cert. denied*, 469 U.S. 886, 105 S.Ct. 260, 83 L.Ed.2d 196 (1984). The trial evidence relied on by Gay, even viewed in the light most favorable to him and with all reasonable inferences drawn in his favor, was insufficient to permit a rational juror to infer that either Livingston or Whitehouse had engaged in the alleged conspiracy.

■ We likewise reject Gay's apparent challenge to the jury verdict in favor of McFetridge. To the extent that Gay seeks a judgment in his favor notwithstanding the verdict ("n.o.v."), his request is inappropriate both because the record does not indicate that he moved for a directed verdict at trial, *see* Fed.R.Civ.P. 50, and because the record does not support such a judgment. It is rarely appropriate to grant a directed verdict or judgment n.o.v. in favor of the party having the burden of proof; such action is reserved for those extreme circumstances where the effect of the evidence is not only sufficient to meet his burden of proof, but is overwhelming, leaving no room for the jury to draw significant inferences in favor of the other party. *Fireman's Fund Insurance Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1177 (3d Cir. 1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977). On any such motion, the evidence must be viewed in the light most favorable to the nonmoving party. *Thomas v. E.J. Korvette, Inc.*, 476 F.2d 471, 474 (3d Cir.1973). Viewing the evidence in the light most favorable to McFetridge and giving him the benefit of all reasonable inferences, we cannot conclude that the jury's verdict in his favor was impermissible. To the extent that Gay seeks not judgment n.o.v. but a new trial, we find no basis for reversal. The granting or denial of a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *American Bearing Co. v. Litton Industries, Inc.*, 729 F.2d 943, 948 (3d Cir.), *cert. denied*, 469 U.S. 854, 105 S.Ct. 178, 83 L.Ed.2d 112 (1984). We see no abuse of discretion here.

### B. *The Procedural Rulings*

Gay further challenges the court's denial of a number of his procedural motions,

including motions (1) to disqualify the Pennsylvania Attorney General from representing the defendants, (2) to amend his complaint, (3) to require McFetridge and Petsock to return certain materials to him, and (4) to impose sanctions on defendants' attorney for failing to respond to discovery. He also challenges the court's refusal to allow him to subpoena Whitehouse to testify at trial. None of these challenges has merit.

■ In moving to prohibit the state Attorney General from representing defendants, Gay relied on 42 Pa.Cons.Stat.Ann. § 8550 (Purdon 1982). That section contains, *inter alia*, certain limitations on the indemnity and immunities available to a state employee who has been judicially determined to have caused an injury by engaging in willful misconduct or in the commission of a crime. The statute was inapposite to the present case both because it does not prohibit the Attorney General from representing defendants in a civil suit and because there is no indication in the record that these defendants have ever been judicially determined to have engaged in such conduct. Gay's motion to disqualify was therefore properly denied.

■ Gay also contends that the court erred in denying his attempts to amend his complaint. Though leave to amend a complaint should be freely granted in the interests of justice, *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), a motion to amend is committed to the sound discretion of the district judge, *see* Fed.R.Civ.P. 15(a); *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470, 492 (3d Cir.1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). Gay's attempt to add additional state-law claims and an additional defendant was belated, not being made until the first day of trial. The rejection of that attempt as unduly prejudicial to defendants and to the proposed new defendant was well within the discretion of the court.

■ Nor do we find any error in the district court's denial of Gay's motion to amend his complaint to include a demand for specified amounts of damages. The court denied this motion pursuant to Rule 30 of the Rules of Court of the Western District of Pennsylvania, which provides that "[e]xcept for any required jurisdictional allegation of the amount in controversy, a pleading demanding relief for elements of general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed and may specify the categories of damages so claimed." Gay's contention that the refusal to allow him to amend his complaint in this respect denied him his Seventh Amendment right to a jury trial is frivolous. He was accorded a jury trial, and we have seen no indication that he was prevented from offering proof as to the amount of damages he claimed to have suffered.

■ The material that Gay sought to have McFetridge and Petsock "return" to him as "unlawful[ly] tak[en]" was described by Gay as a legal folder relating to a complaint other than his present complaint, and was material confiscated in 1987 from the cell of another inmate, not Gay. Gay has shown no reason why the lawfulness of the confiscation, or the merits of the complaint to which that material related, should be adjudicated in the present action, and he has not shown that the denial of his motion to compel the "return" of these materials to him was an abuse of discretion.

We also see no merit in Gay's contention that the district court improperly refused to sanction defendants' attorney for failing to respond to interrogatories and to a request for admissions. The record indicates that there was full compliance with the court's discovery orders.

■ Finally, we see no error in the district court's refusal to allow Gay to subpoena Whitehouse as a witness at trial. Upon inquiry by the court, Gay indicated that he wanted to question Whitehouse as to why there had been no prosecution of a 1982 criminal complaint filed by Gay against McFetridge. The court ruled that the failure of Whitehouse to institute a criminal prosecution would not be admissible at the trial

in the present case. That ruling and the denial of the subpoena were well within the court's discretion. *See, e.g.,* Fed.R.Evid. 403; *Cowgill v. Raymark Industries, Inc.,* 832 F.2d 798, 805 (3d Cir.1987) (trial judge has wide discretion to exclude proffered evidence that is collateral, rather than material, to the issues in the case).

## CONCLUSION

We have considered all of Gay's arguments on this appeal and have found them to be without merit. The orders and judgment of the district court are affirmed.