

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2006

# Gay v. Shannon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Gay v. Shannon" (2006). *2006 Decisions.* Paper 28.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/28

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1325
_____

WILMER B. GAY,

Appellant

v.

ROBERT D. SHANNON, SUPERINTENDENT AT SCI-MAHANOY; VINCENT
MOONEY, CAPTAIN AT SCI-MAHONEY; MARY CANINO, EXAMINER AT SCI-
GRATERFORD; JEFFERY A. BEARD, SECRETARY FOR PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; THOMAS L. JAMES, CHIEF GRIEVANCE
COORDINATOR FOR PDOC; ROBERT S. BITNER, CHIEF HEARING EXAMINER
FOR PDOC; CO1 MCCUSKER, D-BLOCK OFFICER AT SCI-GRATERFORD; LT.
DERRICK WADE, HOUSING OFFICER AT SCI-GRATERFORD; DONALD T.
VAUGHN, SUPERINTENDENT AT SCI-GRATERFORD; WILLIAM FULMER,
INMATE PRISONER AT SCI-MAHONEY; BERNIE CUDWODIE, DRUG &
ALCOHOL SUPERVISOR; ANTHONY L. PETRUCCIA, DEPUTY SUPT. FACILITY
MANAGEMENT; EDGAR M. KNEISS, DEPUTY SUPT. CENTRAL SERVICES;
CAROL M. DOTTER, GRIEVANCE COORDINATOR AT SCI-MAHANOY; SGT.
MEYERS, PROPERTY ROOM OFFICER AT MAHANOY; LT. BRENNAN,
PROPERTY ROOM OFFICER AT SCI-MAHANOY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 02-cv-04693)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted Under Third Circuit LAR 34.1(a)
DECEMBER 22, 2006

BEFORE: SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed    December 22, 2006   )

_____

OPINION

_____

PER CURIAM

In this pro se prisoner civil rights action, Wilmer Gay appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his claims against prison officials and employees (the "Commonwealth Defendants"), and an order granting summary judgment in favor of the remaining Commonwealth Defendant and a prisoner. We will affirm.

Gay's claims arise out of several incidents that occurred while he was incarcerated at SCI-Mahanoy and SCI-Graterford. Gay alleged in his complaint that, while at SCI-Mahanoy, he provided legal assistance to an inmate named Bobbie Sims. Gay agreed to testify in a lawsuit Sims filed against prison officials and employees. In order to testify, Gay had to be transferred to another prison. In August 2000, Lieutenant Brennan threatened to destroy boxes of Gay's legal materials that were kept in the property room unless Gay signed a cash slip necessary to ship the boxes out of the institution. Gay signed the cash slip but filed grievances, which were denied.

In September 2000, Gay was transferred to SCI-Graterford. He was assigned to a double cell. Gay asked to speak to the housing unit manager because he had a single cell at SCI-Mahanoy. A correctional officer issued a misconduct report based upon Gay's

2

alleged refusal to double cell and placed him in restricted custody. When Sims' attorney went to the prison to prepare Gay for his testimony, officials told counsel that they could not locate Gay. Gay, however, did testify in Sims' case. A hearing was held on the misconduct charge, and the examiner found Gay guilty of disobeying an order. The hearing examiner denied Gay's requests to call a witness and to disqualify herself because she was a defendant in Sims' case. Gay's appeals were unsuccessful.

When Gay returned to SCI-Mahanoy in October 2000, he was told that his legal materials would be kept in the property room.[1] In response to Gay's grievance, Lieutenant Brennan stated that Gay could keep one box of legal materials in his cell, and he could access the others by exchanging boxes. Brennan stated that Gay refused to take any materials. Gay was later allowed to keep three boxes of legal materials in his cell. Gay's grievance was denied.

The following year, Gay was determined to be an escape risk and was transferred to another institution after Captain Vincent Mooney found a diagram of the prison kitchen in his cell. Gay claimed that Mooney retaliated against him for his testimony in Sims' case and bribed another inmate, defendant William Fulmer, to make false statements about him. Gay also alleged that Mooney damaged his television before the transfer.

Gay filed a civil rights action in District Court against the Commonwealth Defendants and Fulmer. The Commonwealth Defendants moved to dismiss the

---

[1]It is unclear whether these legal materials are the same materials Gay was ordered to ship out of the facility or additional materials that he previously kept in his cell.

complaint. The District Court dismissed all of Gay's claims, except his retaliation claim against Mooney and his related claims against Fulmer. The District Court also denied Gay's motion for reconsideration. The District Court later granted summary judgment in favor of Mooney and Fulmer, and denied Gay's motion for reconsideration. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's order of dismissal and order granting summary judgment is plenary. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). We review the denial of reconsideration for an abuse of discretion. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

The District Court did not err in dismissing Gay's constitutional claims based upon Lieutenant Brennan's alleged refusal to allow Gay to keep boxes of legal materials in his cell, and his threats to destroy the materials if Gay did not agree to ship them out of the facility. Gay did not state a First Amendment claim because he did not allege that he was actually injured by having limited access to his legal materials. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996) (requiring an actual injury to establish a violation of the right of access to the courts).

To the extent Gay averred threats to his person, his allegations were insufficient to state an Eighth Amendment claim. See Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002) (stating Eighth Amendment does not protect an inmate against an objectively de minimis use of force). Finally, Gay's complaints about the responses he received to his

4

grievances did not state a constitutional claim. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding allegedly inadequate grievance procedures did not give rise to a constitutional claim).

The District Court also did not err in dismissing Gay's claims based upon the issuance of an allegedly false misconduct report for refusing to double cell at SCI-Graterford. Gay did not allege facts supporting the conclusion that his confinement in restricted custody as a result of the misconduct report subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Because Gay was not deprived of a protected liberty interest, he failed to state a due process claim based upon alleged procedural errors at his hearing or the alleged false charge. See id. at 487; Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997).

In addition, Gay's allegation that officials conspired to deter him from testifying in Sims' case by issuing the false misconduct report was insufficient to state a constitutional claim. Assuming Gay had a constitutional right to testify, Gay alleged no facts supporting the existence of an agreement between officials at SCI-Mahanoy, against whom Sims' case was brought, and officials at SCI-Graterford, who issued the misconduct. Gay also conceded that he objected to a double cell, which was the basis for the charge. Finally, Gay's allegation that he was deprived of and restricted from taking showers and obtaining toiletries while attending federal proceedings (presumably Sims' trial) was insufficient to

5

state an Eighth Amendment claim. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (requiring denial of "the minimal civilized measure of life's necessities" to state such a claim).[2]

The District Court also did not err in granting summary judgment for Captain Mooney on Gay's claim that Mooney retaliated against him for testifying in Sims' case against Mooney and other SCI-Mahanoy personnel. As set forth in the District Court's opinion, the evidence established that Gay agreed to file a grievance on behalf of the kitchen workers. Gay asked inmate William Fulmer to find out the number of kitchen work stations. Fulmer offered to draw a diagram, but Gay told him he did not need one. Fulmer drew a diagram anyway, and a prison employee confiscated it.

Captain Mooney interviewed Fulmer, who told him that Gay asked him to make the drawing. Mooney then interviewed Gay. According to Gay, when asked if he knew about a diagram, he told Mooney that earlier that day Fulmer had asked him about a diagram. Mooney's report stated that Gay said that he asked Fulmer for a kitchen diagram, but Gay would not explain why he wanted to know about the kitchen area. Mooney placed Gay and Fulmer in administrative custody pending further investigation.

A few days later, Gay submitted a request slip to Mooney stating that Fulmer had suggested making a diagram after Gay asked him about the number of stations in the

_____

[2]Unlike the District Court, we do not construe Gay's complaint as claiming a violation of the Eighth Amendment based upon his double-cell assignment. Gay objected to a double cell because he had single-cell status at SCI-Mahanoy.

6

kitchen in connection with the inmate grievance. That same day, Mooney found a diagram in Gay's cell, which noted the location of locked gates and depicted buildings outside the perimeter fence. Mooney interviewed Gay again, and Gay admitted that he drew part of the diagram. When Mooney noted that the handwriting was the same throughout the drawing, Gay repeated that he did not draw the entire diagram. Mooney notified Gay that he would remain in administrative custody as an escape risk pending further review. After a hearing, the Program Review Committee found Gay to be an escape risk and recommended his transfer. Gay states that his televison was damaged when it arrived at his new institution. He filed a grievance contending that Mooney had damaged it.

As recognized by the District Court, Mooney did not dispute that Gay engaged in protected activity in testifying in Sims' case, and that Gay suffered adverse action in being placed in administrative custody and then transferred. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (setting forth elements of retaliation claim). At issue is whether Gay produced sufficient evidence that his testimony was "a substantial or motivating factor" in the decision to transfer him and, if so, whether Mooney established by a preponderance of the evidence that he would have taken the same action even if Gay had not testified. See id. (discussing burden-shifting framework for retaliation claim).

While Gay believes that his testimony against Mooney in September 2000 was a motivating factor in Mooney's decision to place him in administrative custody after

Mooney discovered the kitchen diagram in Gay's cell in February 2001, there is no evidence supporting this belief. Gay did not meet his initial burden of proof. Moreover, we agree with the District Court that, even if Gay met his burden, the evidence demonstrated that he was not forthcoming about the existence of the diagram or its purpose. The evidence was sufficient to establish that Mooney would have taken the same action even if Gay did not testify. Finally, there is no evidence supporting Gay's additional claims that Mooney damaged his television, or that inmate Fulmer acted in concert with Mooney.

We note that Gay argues at length in his brief that the District Court erred in denying his motion to disqualify the Attorney General's Office from representing the Commonwealth Defendants. We reject this argument for the same reasons we noted in a prior lawsuit brought by Gay. See Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990) (affirming denial of motion to disqualify Attorney General's Office). We also conclude that the District Court did not abuse its discretion in denying Gay's motions for reconsideration of the order of dismissal and the order granting summary judgment.

Accordingly, we will affirm the orders of the District Court.[3]

---

[3]Gay's request for oral argument is denied.

8