**Willie RIDDICK, Appellant**

v.

**Dr. Marsha MODENY; Marva Cerullo; Prison Health Services, Inc.**

No. 07–1645.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 7, 2007.

Filed: Oct. 9, 2007.

Willie Riddick, Frackville, PA, pro se.

Alan S. Gold, Gold & Robins, Elkins Park, PA, for Marsha Modeny and Prison Health Services, Inc.

Samuel H. Foreman, Weber, Gallagher, Simpson, Stapleton, Fires & Newby, Pittsburgh, PA, for Marsha Modeny.

Robert B. MacIntyre, Pennsylvania Department of Corrections, Office of Chief Counsel, Camp Hill, PA, for Marva Cerullo.

Before: MCKEE, FUENTES and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Willie Riddick, a prisoner, appeals from the order of the United States District Court for the Middle District of Pennsylvania granting the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Riddick filed a civil rights complaint alleging that he was diagnosed with follicular eczema and was prescribed medications in 2003. At the prison, he was given samples and substitute medications because the prescribed medications were not on the prison's approved medication list and were too costly. He was released in 2004. Shortly after his re-commitment to prison in September 2005, Riddick saw Doctor Modery for his skin problem; she prescribed selenium sulfate.[1] A few days

---

1. The caption has misspelled Doctor Modery's    name as "Modeny." We will refer to her

later, he submitted a request to Marva Cerullo, SCI–Mahoney Health Care Administrator, asking for "plexion cleanser," one of the original medications prescribed by the dermatologist in 2003, that seemed to work for him. Cerullo denied the request because Riddick's skin problem "was okay." In early October 2005, two weeks after he started treating with selenium sulfate, Riddick suffered severe burns to his face and neck. He was seen on sick call, treated, and given an antibiotic ointment for the burns, which he complains did not work.

Riddick claims that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Specifically, he claims that the defendants knew that he needed to be treated with plexion cleanser and deliberately failed to provide it for non-medical reasons. He asserts that Doctor Modery failed to warn him of the risk of serious burns caused by selenium sulfate and failed to promptly treat him for it.

The defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to which Riddick responded. The District Court granted the Rule 12(b)(6) motion, holding that absent any allegation from which the court could infer Prison Health Services's direct involvement in the alleged deprivation of his constitutional rights, it was not liable on a theory of *respondeat superior. See Gay v. Petsock,* 917 F.2d 768, 771 (3d Cir.1990). The District Court also ruled that the allegations against Cerullo, assumed to be true, did not lead to an inference that Cerullo was deliberate indifferent to Riddick's medical needs. As for Doctor Modery, the District Court noted that Riddick's allegations indicated that the doctor did not delay in providing Riddick dermatological treatment. Nor was there any allegation from which the District Court could infer deliberate indifference in the doctor's failure to warn of risk of serious burns with selenium sulfate treatment. The District Court dismissed the Complaint with prejudice for failure to state a claim. Riddick filed a timely notice of appeal, followed shortly thereafter by a timely motion for relief from judgment, which the District Court treated as a timely filed motion for reconsideration and denied.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Riddick has been granted leave to proceed IFP on appeal. Under § 1915(e)(2)(B), the Court must dismiss an appeal if it indisputably meritless. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Substantially for the same reasons set forth by the District Court, we conclude that Riddick's civil rights complaint was properly dismissed for failure to state a claim. As the District Court correctly noted, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999); *see also White v. Napoleon,* 897 F.2d 103, 108 (3d Cir.1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment). The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Likewise, Eighth Amendment liability under 42 U.S.C. § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,*

throughout this opinion by her correctly spelled name, Modery.

475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. *White,* 897 F.2d at 108–09 (*quoting Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

The District Court properly disposed of Riddick's Eighth Amendment claim against Doctor Modery. Assuming the truth of Riddick's allegations, as we must, there are no allegations from which we can conclude that Doctor Modery delayed treating him. According to Riddick's Complaint, he was seen and treated on the day he arrived at sick call. Modery's failure to warn Riddick of the risk of burns to his skin from the treatment she prescribed amounts to mere negligence, which is not cognizable under § 1983. *See Daniels,* 474 U.S. 327, 106 S.Ct. 662. As for defendant Cerullo, although Riddick alleges that she should have allowed him to obtain a prescription that was written two years earlier, these allegations are simply not enough, in and of themselves, to state a claim under the Eighth Amendment. *See Estelle,* 429 U.S. at 107, 97 S.Ct. 285. In short, although Riddick would have preferred a different course of treatment, his preference does not establish a cause of action. *Inmates of Allegheny Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979) (noting that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment" (citations omitted)). For the reasons set forth by the District Court, we agree that Riddick failed to allege any direct involvement by Prison Health Care Services, Inc., and thus his complaint against them was also properly dismissed for failure to state a claim.

Accordingly, because Riddick's appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B). *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000).