

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# O'Neill v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1322

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"O'Neill v. Philadelphia" (2008). *2008 Decisions.* Paper 728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1322
_____

BERNARD J. O'NEILL; LINDA A. O'NEILL;
MICHAEL COYLE, a minor, by and through his parent
and natural guardian, Linda A. O'Neill;
KELLY COYLE, a minor, by and through her parent
and natural guardian, Linda A. O'Neill;
DELORES CARMICHAEL; KATHLEEN O'NEILL;
KEVIN WILLIAMS, a minor, by and through his parent
and natural guardian, Linda A. O'Neill;
D. KELLY O'NEILL; CHAD G. BRUMBAUGH,

Appellants

v.

CITY OF PHILADELPHIA; POLICE COMMISSIONER RICHARD NEAL;
DETECTIVE ROBERT BALLENTINE; DETECTIVE RICHARD BOVA;
DETECTIVE ROBINSON; DETECTIVE JOHN DOE;
CAPTAIN JOHN DOE; LIEUTENANT ROBERT MORRIS;
LIEUTENANT JOHN DOE; SERGEANT JOHN DOE;
POLICE OFFICERS JOHN DOE NOS. 1 THROUGH 50

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 97-cv-02141)
District Judge:  Hon. Thomas N. O'Neill, Jr.

_____

Submitted under Third Circuit LAR 34.1(a)
on April 11, 2008

(Opinion filed: August 4, 2008)

O P I N I O N

**ROTH,** Circuit Judge:

Bernard O'Neill, together with other named plaintiffs, appeals the District Court's order denying plaintiffs' motion for leave to amend the complaint, its order granting the defendants' motion for reconsideration with respect to summary judgment, and its order denying plaintiffs' motion for reconsideration. For the reasons discussed below, we will affirm.

## I. **Background and Procedural History**

As the facts are well known to the parties, we will discuss them only briefly here.

On March 25, 1997, plaintiffs filed this lawsuit in the U.S. District Court for the Eastern District of Pennsylvania. The defendants were the City of Philadelphia, multiple named police officers, including Detectives Robert Ballentine, Jr. and Gerald Robinson, and multiple "John Doe" police officers. Plaintiffs alleged that defendants violated their constitutional rights and state law during three searches of O'Neill's home at 2910 S. 61st Street, Philadelphia, Pennsylvania, on May 30, June 12, and November 23, 1995.

These searches were conducted pursuant to an arrest warrant for O'Neill's stepson. The April 1995 affidavit of probable cause for the warrant, prepared by Detective Richard Bova, indicates that O'Neill's stepson was suspected of a March 26, 1995, arson and had fled to Florida. The Activity Sheet for the May 30 search stated, however, that "Detectives have received information that the fugitive was in the area." The Activity Sheet for the June 12 search states, "Detectives prpceeded [*sic*] to 2910 S 61st Street to search for the fugitive as a result of information received from Police Recruit Darden."

On July 25, 1997, Plaintiffs moved to amend the complaint by substituting names for the "John Doe" officers. On August 7, 1997, the case was stayed and placed in the civil suspense file, pending the resolution of criminal proceedings against O'Neill's stepson. The District Court denied the motion to amend, without prejudice to its renewal when the case was removed from suspense. On December 3, 2001, the case was removed from suspense. The case was then closed by a settlement agreement on March 17, 2003. The agreement failed, however, and the case was reopened on June 25, 2003. Trial was scheduled to begin on November 7, 2006. The day before, November 6, plaintiffs sent the District Court a letter renewing their motion to amend.

The District Court denied the motion. The court reasoned that allowing the amendment would result in "substantial hardship" to defendants. Noting that plaintiffs had "nearly five years to amend their complaint after the case was removed from civil suspense and before the trial was scheduled," the District Court concluded that "[a]t this

3

late hour, allowing the amendment will result in not only the addition of multiple defendants and further delay of resolution of the case, but may necessitate a complete change in trial strategy for the current defendants."

On December 12, 2006, the District Court granted defendants' motion to dismiss and entered summary judgment in favor of defendants on all claims except the Fourth Amendment illegal search claims against Detectives Ballentine and Robison.[1] The District Court found that there were genuine issues of material fact as to whether those detectives "had a reasonable belief" that Jason lived and could be found at 2910 S. 61st Street. The District Court noted that, although the warrant listed 2910 S. 61st Street as the suspect's address and the police had information that the suspect was in the area, the affidavit supporting the warrant indicated that the suspect's last known whereabouts were in Florida. In addition, plaintiff O'Neill had told Internal Affairs that the suspect had not lived at 2910 S. 61st Street for three years, the police activity sheet described the address as "the fugitive's father's residence," and the suspect had not been found during the May search.

Defendants filed a motion for reconsideration, which the District Court granted on January 3, 2007. The District Court found that it was undisputed that Detectives Ballentine and Robison acted on a facially valid arrest warrant and that the activity sheets

---

[1] Defendants Ballentine and Robison participated only in the May and July 1995 searches, not the November 1995 search.

4

and warrant service forms for both the May and June searches indicate that the detectives had reports that the suspect was in the area. The District Court found further that plaintiffs offered no evidence that Ballentine and Robison had fabricated any information regarding the suspect's whereabouts. The District Court concluded that Ballentine and Robison were entitled to qualified immunity because they had acted "objectively reasonably" in searching 2910 S. 61st Street and entered summary judgment in their favor. Plaintiffs moved for reconsideration, but the District Court denied their motion.

Plaintiffs appealed. Their appeal presents two issues: (1) whether the District Court abused its discretion in denying their motion to amend, and (2) whether the District Court erred in granting the defendants' motion for reconsideration and entering summary judgment in favor of defendants Ballentine and Robinson.[2]

## II. Analysis

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's decision to deny the Plaintiffs' motion for leave to amend their complaint for abuse of discretion. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). Under Federal Rule of Civil Procedure 15, a party may amend a complaint after a response has been served "only by leave of court or by written consent

---

[2]Plaintiffs' Notice of Appeal indicates that they also sought to appeal the District Court's December 12, 2006, grant of summary judgment in favor of all other defendants. However, they have not briefed those issues on appeal, and we consider them waived.

of the adverse party; and leave shall be freely given when justice so requires." The Supreme Court has explained,

> "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Although "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied," at some point, the delay will become "undue" or "prejudicial." *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984). "Though leave to amend a complaint should be freely granted in the interests of justice, a motion to amend is committed to the sound discretion of the district judge." *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990) (internal citation omitted).

We find no abuse of discretion in the District Court's denial of plaintiffs' motion to amend their complaint. The plaintiffs were aware of the information that they wished to substitute in their amended complaint in July 1997, when the District Court dismissed their motion without prejudice and specifically indicated that they could renew the motion once the case was no longer suspended. However, plaintiffs waited to renew their motion

for over three years from the time that the case was reopened a second time. Plaintiffs argue that they did not renew their motion because the parties were working on a settlement. However, this does not explain why they did not file their motion until the day before trial. *See Gay*, 917 F.2d at 772. We agree with the District Court that allowing the amendment would have prejudiced defendants. In particular, it appears that those defendants who had been named as of the day before trial had not participated in the November search. Adding such individuals to the case would likely have required Defendants to reexamine their trial strategy just one day before the trial was to begin. On this record, we find no abuse of discretion.

We exercise plenary review over the District Court's grant of summary judgment in favor of Ballentine and Robison. *Couden v. Duffy*, 446 F.3d 483, 491 n.3 (3d Cir. 2006). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005); Fed. R. Civ. Proc. 56. In reviewing the grant of summary judgment, we must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Hugh*, 418 F.3d at 267. We generally review a grant or denial of a motion for reconsideration for abuse of discretion; however, if "the underlying judgment was based in part upon the interpretation and application of a legal precept, our review is plenary." *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992).

"Qualified immunity operates . . . to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz*, 533 U.S. 194, 206 (2001). "In considering whether qualified immunity applies, a court must first decide whether the facts, taken in the light most favorable to the plaintiff, demonstrate a constitutional violation. . . . If so, the court next determines whether the constitutional right in question was clearly established." *Couden*, 446 F.3d at 492 (internal citations omitted). "'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (quoting *Saucier*, 533 U.S. at 202). An officer is entitled to qualified immunity if his mistake about what the law requires is reasonable. *Couden*, 446 F.3d at 492 (quoting *Saucier*, 533 U.S. at 205).

The key inquiry in granting Ballentine and Robison summary judgment, then, is whether they violated plaintiffs' constitutional rights in executing the May and June 1995 searches and, if so, whether it would have been clear to a reasonable officer that their conduct was unlawful. Those searches were conducted pursuant to an arrest warrant for O'Neill's twenty-year-old stepson, who was a fugitive.

The Supreme Court has held that "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). We have held that "*Payton* requires that officers have a reasonable

8

belief the arrestee (1) lived in the residence, and (2) is within the residence at the time of entry." *United States v. Veal*, 453 F.3d 164, 167 (3d Cir. 2006) (internal quotation omitted). "To determine whether the police had probable cause to believe a suspect was residing and present in a home, we apply a common sense approach and consider the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality." *Id.* at 167-68 (internal quotations omitted).

Viewing the facts in this case in the light most favorable to plaintiffs, we conclude that Ballentine and Robison had probable cause to believe that O'Neill's fugitive stepson was residing and present in 2910 S. 61st Street on May 30 and June 12, 1995, and therefore that the District Court properly determined that they were entitled to qualified immunity. It is undisputed that the arrest warrant listed 2910 S. 61st Street as the suspect's address. As such, it was reasonable for Ballentine and Robison to believe that the suspect resided at that address.[3] It is also undisputed that the May 30 and June 12 searches were carried out early in the morning and pursuant to information that the suspect was in the area. Accordingly, it was reasonable for Ballentine and Robison to believe that the suspect was in the residence at the time the searches were executed.

Plaintiffs fault the District Court for overlooking facts that they characterize as

---

[3] Ballentine and Robison did not prepare either the warrant or the affidavit of probable cause. It is not clear that they would have had a reason to doubt the warrant's listing of the 2910 S. 61st Street address for the suspect.

9

favorable to them, noting the facts cited by the District Court when it initially denied Ballentine and Robison summary judgment. However, these facts do not alter the reasonableness of Ballentine and Robison's belief. As noted above, the May and June searches were conducted pursuant to a warrant identifying 2910 S. 61st Street as the suspect's address, based on information that the suspect was in the area (as opposed to Florida), and O'Neill did not inform the police about the suspect's more recent addresses until after the November 2005 search.

In addition, while the activity sheets state only that the suspect was in "the area," not specifically at 2910 S. 61st Street, and describe the residence as the suspect's father's, the suspect was only twenty years old at the time. As defendants were not aware of other addresses for the suspect in May and June 1995, they could have reasonably believed that a twenty-year-old would be staying with his father if he was in the area. Although the suspect was not in the residence at the May search, given that he was a fugitive and that new information again suggested he was in the area, the officers could have reasonably believed that he would be at 2910 S. 61st Street during the June search.

Because undisputed facts establish that Ballentine and Robison reasonably believed that the suspect resided and was present at 2910 S. 61st Street on May 30 and June 12, 1995, the District Court properly granted Defendants' motion for reconsideration and entered summary judgment in their favor. For the same reasons, the District Court did not abuse its discretion in denying plaintiffs' subsequent motion for reconsideration.

10

## III. Conclusion

For the reasons set forth above, we will affirm the orders of the District Court.