**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2133
_____

ADEN RUSFELDT,
                              Appellant

v.

OFFICER CRISTIAN MORAR; CITY OF READING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:23-cv-01523)
District Judge: Honorable John M. Gallagher
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 6, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges.*

(Filed: June 9, 2025)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Aden Rusfeldt appeals a summary judgment for the City of Reading and one of its police officers, Cristian Morar. We will affirm.

I

A pastor, Rusfeldt staged a demonstration outside Reading Senior High School. He preached while his wife videotaped. Using a megaphone, Rusfeldt told students, among other things, "it's time for you to give your life to Jesus Christ," "Jesus Christ has a plan for your life," "some of you are suicidal, you need God," "some of you are depressed, you need God," and "some of you are whores, you need God." ECF No. 18 (Video) at 0:00–0:34. He called one student a "little slut." *Id.* at 0:31–43. The crowd grew agitated. Some threw objects and water, made crude gestures, and moved toward Rusfeldt.

School resource officers called for backup, and Officer Morar arrived at the scene. App 386. As Morar attempted to disperse the crowd, Rusfeldt told one student, "go to hell, lesbo dyke." Video at 5:31–33. Morar warned Rusfeldt that he would be arrested if he continued to rile up the students and asked him to move down the street. But Rusfeldt didn't move, so Morar arrested him for disorderly conduct. He was detained for less than an hour and released without charges.

Rusfeldt sued Morar, the Reading School District, and the City of Reading, and an unnamed officer, claiming constitutional violations under 42 U.S.C. § 1983 and false imprisonment under state law. The District Court dismissed most of Rusfeldt's claims without prejudice. But four claims survived: the First and Fourth Amendment claims

2

against Morar and the false imprisonment claims against Morar and the City.

Nearly five months after the deadline, Rusfeldt moved for leave to file an amended complaint. The District Court denied the motion. Morar and the City moved for summary judgment on the four remaining claims, which the District Court granted. Rusfeldt timely appealed.

## II[1]

Rusfeldt argues that summary judgment was improper, that the District Court abused its discretion by denying his motion for leave to amend, and that he is entitled to attorney's fees. We disagree.

*First*, Rusfeldt's claims fail as a matter of law. Even if Rusfeldt's speech were protected, Morar is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A reasonable officer could have believed that some of Rusfeldt's speech was unprotected under *Gilles v. Davis*, which deemed similar epithets to be "fighting words." 427 F.3d 197, 205 (3d Cir. 2005). Rusfeldt counters that *Snyder v. Phelps*, 562 U.S. 443 (2011), abrogated *Gilles*. But *Snyder* was not a fighting-words case, as the Supreme Court acknowledged. 562 U.S. at 451 n.3. So Rusfeldt cannot show that the arrest violated his constitutional rights under clearly established law. *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013).

Rusfeldt's false imprisonment claims also fail. Given *Gilles*, it was reasonable for Officer Morar to believe Rusfeldt was engaging in disorderly conduct. *See Renk v. City of*

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under 28 U.S.C. § 1291.

*Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Because Rusfeldt's arrest was based on probable cause, his detention was not unlawful. *Id.*

Rusfeldt contends that the District Court relied on inadmissible hearsay in granting summary judgment. But even if that were true, Morar would still be entitled to qualified immunity. And Rusfeldt's arrest would still be justified by the undisputed facts and circumstances. *See Renk*, 641 A.2d at 293. So any error was harmless. *See Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 667 (3d Cir. 2002).

*Second*, the District Court acted well within its discretion when it denied Rusfeldt's motion for leave to amend. *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990). Rusfeldt waited five months after the deadline to file the motion and offered no plausible reason for that undue delay. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). And granting the motion would have prejudiced Morar and the City, who were required to file dispositive motions the next day. *See id.*

*Third*, Rusfeldt is not entitled to attorney's fees under 42 U.S.C. § 1988(b) because he is not a "prevailing party." *Hewitt v. Helms*, 482 U.S. 755, 759–60 (1987).

\*　　\*　　\*

For these reasons, we will affirm the District Court's judgment.