**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1601
_____

HALEY RODD

v.

JAMES MCCOY; PROGRESSIVE SPECIALTY INSURANCE CO.

Progressive Specialty Insurance Co.,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-04987)
U.S. District Judge: Honorable Nitza I. Quinones Alejandro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2026
_____

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges.

(Filed: March 3, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Defendant Progressive Specialty Insurance Co. ("Progressive") challenges the District Court's orders denying (1) its motion for leave to amend its affirmative defenses, (2) its motion for leave to file a second summary judgment motion, and (3) its motion for a directed verdict. Because Progressive did not timely raise the affirmative defense it sought to rely upon for each of these motions, we will affirm these orders.

I

In early 2017, Rodd was involved in a motor vehicle collision while driving her uninsured vehicle. Because the driver of the other car involved in the collision did not have sufficient insurance coverage to compensate Rodd for her injuries, Rodd sought underinsured motorist ("UIM") benefits through her parents' insurance policy with Progressive.[1] That policy contained a so-called "household vehicle exclusion," which bars UIM coverage for "bodily injury sustained by any person while using or occupying . . . a motor vehicle that is owned by or available for the regular use of you, a relative, or a rated resident." App. 148. At the time of the collision, Rodd was living with her parents

---

[1] Under Pennsylvania law, an "underinsured motor vehicle" is one "for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages." 75 Pa. Cons. Stat. § 1702. "[U]nderinsured motorist coverage . . . protect[s] innocent victims from underinsured motorists who cannot adequately compensate the victims for their injuries." <u>Eichelman v. Nationwide Ins. Co.</u>, 711 A.2d 1006, 1010 (Pa. 1998).

and the vehicle was registered to their address. Therefore, Progressive denied her claim under the household vehicle exclusion.

After initially denying her claim, Progressive, relying on Gallagher v. GEICO Indemnity Co., 201 A.3d 131 (Pa. 2019), concluded that the household vehicle exclusion may be invalid and agreed to provide Rodd UIM benefits. The parties were unable to agree on the amount of UIM coverage, so Rodd sued Progressive for breach of contract and bad faith in October 2021.[2] In November 2021, Progressive filed its answer and twenty-two affirmative defenses, but the household vehicle exclusion was not among them. The case proceeded to discovery and summary judgment motion practice. The District Court granted Progressive summary judgment on the bad faith claim.

Following an unsuccessful mediation of the remaining contract claim, Progressive moved for leave to file a second summary judgment motion based on Erie Insurance Exchange v. Mione, 289 A.3d 524 (Pa. 2023), which Progressive claimed barred Rodd's recovery of UIM benefits because the case upheld the household vehicle exclusion. The District Court denied the motion because Progressive failed to assert the household vehicle exclusion as an affirmative defense in its answer.

In response, Progressive moved for leave to amend its affirmative defenses, arguing that Gallagher had barred its reliance on the household vehicle exclusion and that Mione changed the law. The District Court disagreed, reasoning that Mione: (1) "reaffirmed" the "application" of the exclusion, and (2) affirmed a ruling of the Superior

---

[2] All claims against the adjustor were dismissed and that ruling was not appealed.

Court of Pennsylvania that had upheld the validity of the household vehicle exclusion six months before Progressive asserted its affirmative defenses in this case. App. 422-23; Dist. Ct. Dkt. No. 27 (citing Erie Ins. Exch. v. Mione, 253 A.3d 754 (Pa. Super. 2021)). Because "the legal basis underlying Defendant's proposed amendment existed no less than six months prior to its original answer and nearly two years before" Progressive sought "leave to amend," the District Court found Progressive unduly delayed in seeking to add this affirmative defense. App. 423; Dist. Ct. Dkt. No. 27. Undeterred, Progressive again sought to amend its affirmative defenses before trial, which was also denied based on undue delay.

A bench trial on the breach of contract claim ensued. At the close of the evidence, Progressive moved for a directed verdict, again claiming that Mione foreclosed recovery under the household vehicle exclusion. The District Court denied this motion and entered judgment for Rodd. Rodd v. Progressive Specialty Ins. Co., No. CV 21-4987, 2025 WL 539679, at *4 (E.D. Pa. Feb. 18, 2025).

Progressive appeals.

## II[3]

In insurance litigation, "[a] defense based on an exception or exclusion in a policy is an affirmative one, and the burden is cast upon the defendant to establish it." Miller v.

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

We review a district court's orders denying motions for leave to file an amended answer and to file a second summary judgment motion for abuse of discretion. In re Fine

4

Bos. Ins. Co., 218 A.2d 275, 277 (Pa. 1966) (internal quotations omitted); Gen.

Refractories Co. v. First State Ins. Co., 855 F.3d 152, 158 (3d Cir. 2017) (applying

Pennsylvania law and observing "[w]here an insurer seeks to disclaim coverage on the

basis of a policy exclusion . . . the insurer bears the burden of proving the applicability of

the exclusion as an affirmative defense").

Progressive maintains that it should have been given the opportunity to amend its

affirmative defenses to include the household vehicle exclusion. "Though leave to

amend a [pleading] complaint should be freely granted in the interests of justice," Gay v.

Petsock, 917 F.2d 768, 772 (3d Cir. 1990); Fed. R. Civ. P. 15(a); see also Fed. R. Civ. P.

7(a) (providing that complaints and answers are pleadings), a district court has discretion

---

Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control . . .
are committed to the sound discretion of the district court."); Bjorgung v. Whitetail
Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) ("The Third Circuit reviews a district court
decision refusing leave to amend under Rule 15(a) for abuse of discretion."). "A district
court abuses its discretion when it bases its decision upon a clearly erroneous finding of
fact, an erroneous conclusion of law, or an improper application of law to fact." Cox v.
Horn, 757 F.3d 113, 118 (3d Cir. 2014). Progressive maintains we should review these
orders de novo because they were based on "legal reasons," Appellant's Br. at 12, **15**, but
even if we did, the result would be unchanged.
　　　We review the District Court's order denying Progressive's motion for a "directed
verdict" de novo. Walter v. Holiday Inns, Inc., 985 F.2d 1232, 1238 (3d Cir. 1993). The
Federal Rules of Civil Procedure replaced the phrase "directed verdict" in 1991 with
"judgment as a matter of law." Spartan Concrete Prods., LLC v. Argos USVI, Corp., 929
F.3d 107, 111 n.1 (3d Cir. 2019) (quoting Fed. R. Civ. P. 50(a) advisory committee's
note to 1991 amendment). Rule 52 applies to motions for such judgments during bench
trials, and when we are presented orders on such motions, "we will review the record 'to
determine whether, in light of the controlling legal principles, the facts and/or the failures
in the District Court's analysis compel a result as a matter of law.'" Id. (quoting Sabinsa
Corp. v. Creative Compounds, LLC, 609 F.3d 175, 183 (3d Cir. 2010)).

to deny leave "based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility," Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

As to undue delay, although "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied[,] . . . at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). In evaluating undue delay, "we focus on the movant's reasons for not amending sooner." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). Progressive claimed it did not seek to amend sooner because the household vehicle exclusion "only became a viable defense" following the Mione decision, which was issued approximately two years after Progressive filed its answer. App. 423; Dist. Ct. Dkt. No. 27.

Progressive is incorrect. The Pennsylvania Supreme Court recognized the validity of the household vehicle exclusion almost thirty years ago in Eichelman v. Nationwide Insurance Company, 711 A.2d 1006 (Pa. 1998). There, a plaintiff who lived with his parents was barred from receiving UIM benefits under his parents' policy after he was injured riding his motorcycle that was only insured under a separate policy that did not have UIM coverage. Id. at 1006-07. The court upheld the household vehicle exclusion, reasoning that holding otherwise would permit "an entire family living in a single

6

household with numerous automobiles to obtain underinsured motorist coverage for each family member through a single insurance policy on one of the automobiles in the household." Id. at 1010. Progressive relied on Eichelman to initially deny Rodd's claim.

Then, in Gallagher, a plaintiff injured on his motorcycle sought to recover UIM benefits by "stacking" coverage in two of his insurance policies—one applying to his motorcycle and the other applying to his cars. 201 A.3d at 132-33. His insurer denied the claim as to the automobile policy, citing the household vehicle exclusion. Id. at 133. The Pennsylvania Supreme Court rejected the insurer's reliance on the exclusion as a basis to deny coverage because it ran afoul of a Pennsylvania law requiring that an insured individual waive "stacked" UIM coverage from multiple policies using a specific waiver form. Id. at 137-38. In other words, it barred using the household vehicle exclusion "as a de facto waiver of stacked [UIM] coverage[]." Id. at 132. It was after this decision that Progressive reversed course and offered Rodd UIM benefits.

Mione did not change the law. In Mione, the Pennsylvania Supreme Court considered whether a plaintiff who was injured while operating a vehicle without UIM coverage could recover UIM benefits through insurance policies held by other members of his family on their vehicles. 289 A.3d at 526. The Court rejected the argument that the household vehicle exclusion had been invalidated in Gallagher, id. at 525, and emphasized that Gallagher only considered the household vehicle exclusion as to the waiver of stacking UIM benefits across multiple insurance policies and, thus, "[i]n cases where the exclusion does not interfere with the insured's ability to stack [UIM] coverage,

7

Gallagher's de facto waiver rationale is not applicable," id. at 531-32.  Accordingly, the court made clear that it "continue[d] to reject the view that household vehicle exclusions are ipso facto unenforceable."  Id. at 531 (citing Eichelman, 711 A.2d at 1010).

Because there was no change in the law, Progressive's explanation for its delay fails.  Rodd's claim resembles that of the uninsured plaintiff in Eichelman who sought UIM coverage through a family member's policy, and Gallagher only invalidated the household vehicle exclusion under different circumstances—namely, if the insured stacks UIM coverage across multiple policies.  Because the law regarding the exclusion was settled at the time this suit was brought, Progressive unduly delayed in seeking to assert a defense.[4]

Because Progressive failed to timely raise the household vehicle exclusion in its affirmative defenses, Progressive could not rely on it when moving for leave to file a second summary judgment motion or seeking judgment in its favor.  See Charpentier v. Godsil, 937 F.2d 859, 863 (3d Cir. 1991) ("Failure to raise an affirmative defense by

---

[4] Decisions in state and federal courts around the time Progressive filed its affirmative defenses recognized the continued availability of the household vehicle exclusion.  See Erie Ins. Exch. v. Mione, 253 A.3d 754, 768 (Pa. Super. Ct. 2021) (recognizing that "Gallagher only invalidated household exclusions in cases where they are used to circumvent [Pennsylvania law's] specific requirements for waiving stacking"); see also Donovan v. State Farm Mut. Auto. Ins. Co., 256 A.3d 1145, 1159 n.19 (Pa. 2021) (observing that "Eichelman did not address the interplay between the absence of a valid waiver of stacked coverage and the household vehicle exclusion as was central to the holding in Gallagher.  Accordingly, we find those cases distinguishable . . . ."); Stockdale v. Allstate Fire & Cas. Ins. Co., 441 F. Supp. 3d 99, 104-05 (E.D. Pa. 2020) ("Gallagher and Eichelman are not in conflict because Eichelman 'had no occasion to discuss stacking [coverage across insurance policies].'" (quoting Butta v. GEICO Cas. Co., 383 F. Supp. 3d 426, 431) (E.D. Pa. 2019))).

8

responsive pleading or by appropriate motion generally results in the waiver of that defense." (footnotes omitted)).  Thus, the District Court properly denied these motions.[5]

## III

For the foregoing reasons, we will affirm.

---

[5] Progressive's claim that the entire policy—including the household vehicle exclusion—was incorporated into the answer does not satisfy its obligation to specifically assert an exclusion.  See Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any . . . affirmative defense . . . .").  ).